LEONIDAS A. JORDAN, adm'r of BENJAMIN S. JORDAN, plaintiff in error, vs. SESSIONS FAIRCLOTH and SESSIONS FAIRCLOTH, guardian, defendants in error.

To a bill filed defendant demurred, and in the hearing of which, all the points, except matters of fact, involved on the final hearing of the bill on its merits, were considered and adjudicated not only by the judgment of the Superior Court, but by this Court—such as, that there was no equity in the bill—that the remedy at law was complete—that there was a former recovery which was a bar to the proceeding in equity—that the facts showed that the complainant was barred by statute of limitations: *Held,* That those questions determined on the demurrer were *res adjudicata,* as to these parties and this litigation.

In Equity, in Dougherty Superior Court. Bill for Discovery and Relief. Tried before Judge Richard H. Clark, June Term, 1864.

The subject matter of this litigation was a lot of land situate in Dougherty county. The lot was drawn by John Baugh, in 1820, and granted to him by the State in March 1836. Under him, both parties to this record claimed title as purchasers for value. Each had, upon paper, a complete chain of conveyances running back to Baugh. In date of execution and time of record, the two chains compared, at their extremities, as follows:

|  | When Executed. | When Recorded. |
|---|---|---|
| Faircloth's first deed, | Jan. 10th, 1834 | Dec. 24th, 1836. |
| last deed, | Oct. 16th, 1837 | Sept. 15th, 1845. |
| Jordan's first deed, | Dec. 21st, 1837 | Sept. 5th, 1838. |
| last deed, | May 13th, 1845 | Mar. 11th, 1846. |

Thus, Faircloth's chain, if genuine, had the admitted advantage of seniority, coupled with the admitted disadvantages of beginning with a deed from Baugh, executed before the land was granted by the State, and of delay to record that deed until it was more than twelve months old; while Jordan's chain, acknowledged to be genuine, had the admitted advantages of originating in a deed from Baugh after the grant issued, and of being recorded within time, joined to the disadvantages of being the junior chain throughout,

and of taking its rise while the first deed of the elder, chain was upon record.

The points not controverted are thus briefly indicated: Those which were controverted are two—Faircloth assailed Jordan's title as being acquired with actual notice of his; and Jordan, besides resisting this attack, impeached Faircloth's title as originating in forgery.

The conflict opened in a Court of common law. Jordan ·being in possession of the land, Faircloth, in the year 1851, brought against him, in the Superior Court, an action of complaint (analagous to ejectment) for its recovery, together with mesne profits from January 1st, 1847. That action came to trial first in 1853, and a verdict was rendered for the plaintiff; but for error in the rejection of evidence, a new trial was awarded by the Supreme Court. (See 14 *Ga. R.*, 544.) Subsequently, an order was passed to facilitate the taking of certain testimony, and that went up to the Supreme Court. (See 15 *Ga. R.*, 511.) Finally, at May term, 1855, the cause was again tried in the Superior Court, when the grant from the State to Baugh, and both chains of title, were introduced in evidence, the parties making suitable admissions to supply the place of such links as were not actually shown to the jury. The question of forgery was fully canvassed; but all evidence of actual notice to Jordan of Faircloth's title was excluded by the Court, on the ground of irrelevancy. Moreover, the Court charged the jury, that if the grant from the State had not issued at the time of the first conveyance from Baugh, they must find for the defendant, Jordan, unless there was evidence to show that the grant fees had been previously paid.

The jury first returned a verdict, both declaring the disputed deed genuine, and finding for the defendant under the charge of the Court; but being told· by the Court that their finding must be general, for one party or the other, they reformed the verdict to a general one for the defendant; and a judgment upon the same was duly entered up

and signed. Thereupon, Faircloth carried the case to the Supreme Court upon three exceptions, to-wit: that the Court erred in admitting certain evidence upon the question of forgery; in rejecting all the evidence upon the point of notice; and in charging the jury as above set forth. The Supreme Court, at July term, 1855, affirmed the judgment on all the points made. (See 18 *Ga. R.*, 350.) And this judgment of affirmance was adopted by the Court below as its own, and entered on its minutes at November term, 1855.

Thus ended the contest between these parties in a Court of law.

It was renewed, however, in a Court of Equity. Faircloth, changing his forum, filed his bill against Jordan in the Superior Court of Dougherty county, on the 27th of October, 1855. The bill described both chains of title; charged that Jordan and all those under whom he claimed, purchased, with actual notice of the elder deed from Baugh; asserted the genuineness of that deed; set forth the proceedings and the judgment at common law; and averred that that judgment did not conclude Faircloth in equity, because all evidence of notice having been excluded from the jury, his equitable rights were not adjudicated. It further alleged that Jordan had been in possession of the land since the beginning of the year 1850, and added the requisite averments to charge him with rents and profits from that time. It contained no other statement touching the date, or the fact of possession. It prayed for discovery, for general relief, and especially for a decree compelling Jordan to execute a conveyance of the land to Faircloth, the complainant.

The defendant answered the bill in March 1856, and a supplementary answer was filed in November 1858. Neither of these answers set up the statute of limitations; nor did the first urge the judgment at law as a bar to a decree in equity; but the second did.

At November Term 1858, upon exceptions to the latter

7

answer, and upon a motion by complainant to take the Bill *pro confesso*, and upon a motion by defendant to dismiss the Bill for want of equity, the cause came on for hearing, when the Court overruled the exceptions, denied the complainant's motion, and refused to dismiss the Bill. These rulings were all taken up to the Supreme Court, and there ∗affirmed. (See 27 *Ga. R.*, 372). Afterwards, at June Term 1860, the cause was tried by a jury, and a verdict was rendered for the complainant. The defendant appealed, and the appeal was tried at June Term 1864. The parties, respectively, introduced their muniments of title, and went into evidence touching the disputed deed. The defendant proved by Baugh, the ostensible maker, that the deed was a forgery. The complainant proved by one of the subscribing witnesses that it was genuine; by other witnesses, that it was attested in the hand-writing of the subscribing witnesses, and signed in the hand-writing of Baugh himself, and that Baugh, once, upon inspecting it, admitted that he made it.

Upon the question of notice, the evidence consisted wholly of admissions. Between Baugh and Jordan there were but two persons through whom the junior title had passed, a father and his son, the former conveying to the latter, and the latter to Jordan. The complainant proved that the son and Jordan admitted that they each had notice of complainant's title at the time they purchased, and that the son said his father had written to him to look at the records, and see whether the deed now in dispute was recorded, and that he did so, and notified his father. These admissions were established by two witnesses. The rest of the evidence adduced, went to show that Jordan cultivated the land, and the value of the rents.

The case being closed, the defendant moved to dismiss the Bill, on the ground that the evidence did not warrant a decree for complainant; that the first deed from Baugh, having been made and recorded long before the making of the second, conveyed the legal title or nothing, the record being notice to the second vendee, and, therefore, the com-

plainant, if he could recover at all, could recover in a Court of common law. This motion the Court overruled.

The defendant then requested the Court to charge the jury, that the judgment rendered in the previous case at common law was a bar to a decree in the present case; which charge the Court refused to give, and charged the contrary. The Court also charged the jury, that if they were satisfied, from the evidence, that the first deed from Baugh was genuine, and that Jordan and both grantees, standing between him and Baugh, each had notice of that title when they purchased then complainant was entitled to recover the premises in dispute, with whatever amount for rent was proven, and, likewise, to have a decree that the defendant execute to him a deed for the land. The jury decreed in conformity to the charge.

Whereupon, the defendant brought the cause to the Supreme Court, alleging that the Court below erred in refusing to dismiss the Bill; in refusing to charge as requested; and in the charge as given.

NOTE.—A more particular statement as to the parties, than appears above, seems proper, though perhaps not essential. The deed to Faircloth was made to Sessions and Shadrach Faircloth. The latter died before the litigation commenced, and the action at law was brought by the former in his own right, and as administrator of the latter. The Bill was by the same person in his own right, and as guardian for Shadrach's children, and it sought a decree for their joint benefit; and so the decree was rendered.

The defendant, in the common law action, was Benjamin S. Jordan, and against him, also, the Bill was brought; but he dying in 1856, shortly after filing his answer, his son Leonidas A., was made a party as his administrator. That Jordan was the sole defendant in the Bill, is explained by the fact, that he had released Baugh from his covenant of warranty, in order to make him a competent witness on the trial at law, thereby releasing all the intervening warrantors,

and leaving himself the only person interested in the junior chain of title.

HALL, for the plaintiff in error

PLATT, for the defendant.

LYON, J.

Two questions are made in this record:

1. A motion to dismiss the Bill for want of equity, in this, that the plaintiff's title, if good at all, was good at law.

2. That the judgement at law against the complainant, for the defendant, for the premises in dispute, was a bar to a recovery by the complainant in this proceeding. Each of these points was distinctly made by demurrer to this bill, and adjudicated against the plaintiff in error, at November Term 1858, of Dougherty Superior Court, where the Bill was pending, and that judgment was fully considered and affirmed on all the points made in this record by this Court, held at Macon, January Term 1859. *Jordan vs. Faircloth* 27th *Geo. R.* 372. Behind that judgment we cannot go. The questions are *res adjudicata*.

Something was said in the argument by Counsel for plaintiff in error, as to the complainants being barred by the statute of limitation, more than seven years having elapsed from the defendant's posession of the premises to the commencement of this proceeding. There was no judgment of the Court below upon this question, no error complained of in this respect, so far as we can see in the record, to which the argument is applicable; but if there was, that question is also adjudicated in the demurrer, and the decision of this Court upon it, in the case referred to above.

Judgment Affirmed.