LUTHER ROLL, plaintiff in error, vs. THE CITY COUNCIL OF AUGUSTA, defendant in error.

When a municipal corporation is fully invested by law with power over the streets of the city which they represent, and they are guilty of no excess of authority, a private action cannot be maintained against them for consequential damages resulting from the grading of said streets, or any other improvement necessary and proper for the benefit of said city, in using the same.

Case, etc. In Richmond Superior Court. Tried before Judge HOLT. June Term. 1860.

This was an action by the plaintiff against the defendant, seeking to recover damages for permitting the South Carolina Railroad Company to construct and use a railroad track along Washington street, and for causing a plank road to be constructed on said street, and another on Reynolds street— all of them adjacent to certain real estate belonging to the plaintiff, and used by him as a carriage shop for the manufacture, repair, and sale of carriages.

It was alleged that these works elevated the streets, or parts of them, so that water was caused to flow upon the plaintiff's premises, and into his houses, damaging his materials, stock in trade, and his lot and buildings; that no adequate drainage was provided; and that, by running of mule cars on the railroad, free access to the plaintiff's

establishment was prevented, and the safety of persons passing to and from the same, endangered. The damages from these causes were alleged to amount, in the aggregate, to $24,000.

At the trial, the plaintiff's title being admitted, he put in evidence a printed contract by which the defendant authorized the building and use of the railroad; and proved that the plank roads were constructed by authority of the City Council. He proved that, by elevations and changes made in constructing the several roads, water was thrown upon his premises and into his houses, after rains, causing a damage of $1,600 per annum. One witness stated that he would not have had the lot so affected for $5,000. Some of the witnesses entered with considerable particularity into the modes of the damage. He proved, also, that in consequence of the running of the cars, persons could not safely approach the premises with horses, and that some had been kept away by that cause. All the evidence is not here set out, because not necessary to a proper understanding of the point decided.

The Court, on motion of the defendant, ordered a nonsuit; and this is alleged as error.

J. C. & C. SNEAD, for plaintiff in error.

FRANK H. MILLER, for defendant.

LUMPKIN, C. J.

Whatever doubts may have been entertained, formerly, as to the claim against the City Council of Augusta, here set up by Mr. Roll, the authorities, both in England and in this country, are too strong to be controverted. If the Legislature think proper to award damages, under such circumstances, let them say so; otherwise, the parties who suffer are without remedy,—the Legislature considering that the

interests of individuals must give way to the accommodation of the public.

This case is so fully covered by the *Mayor and Council of Rome vs. Omberg*, 28 *Ga. Reports*, and the precedents there referred to, that we deem it altogether useless to enlarge upon this subject.

Let the judgment be affirmed.