## CITY OF ATLANTA *vs.* GREEN.

1. Prior to the constitution of 1877, municipal corporations were not liable for consequential damages resulting to property owners from raising or lowering the grade of streets.

2. This rule is changed by paragraph 1, section 3, of the bill of rights of the constitution of 1877, which provides that "private property shall not be taken or damaged for public purposes without just and adequate compensation being first paid."

3. The damages which can be so recovered must be the actual depreciation in value of the property injured by the change in grade. Therefore the damages may be decreased by the actual benefit, if any, arising to the lot from the improvement so made.

Damages. Municipal. Corporations. Constitutional Law. Before Judge CLARK. City Court of Atlanta. June Term, 1881.

Reported in the decision.

W. T. NEWMAN, for plaintiff in error.

THOMAS FINLEY, for defendant.

SPEER, Justice.

This was an action brought by Patsey Green against the city of Atlanta for damages. There were two counts

in the declaration. The first charged the defendant be-low with damages to her lot by said city, by reason of its negligence in throwing earth on her lot in the grading of a street of said city, and thereby causing the overflow of her pre...ises with sand and water, destroying her garden and rendering it unfit for use and cultivation.

The second count was for damages to her lot resulting from the grading of the street bounding the same, by raising the level of said street fifteen feet higher than it was originally, opposite plaintiff's lot, thereby permanently injuring her property and her fences, and making it diffi-cult for her to have access to her home.

On the trial of the case, under the evidence and charge of the court, the jury returned a verdict in favor of the plaintiff, whereupon defendant moved for a new trial, which was overruled, and defendant below excepted.

There were two grounds of error complained of in the instructions the court gave to the jury, made by the plain-tiff in error, and by reason of which he seeks a new trial.

(1). The first was that the court refused to charge the jury as requested by the defendant below in writing, as follows:

"The city would have a right to grade the street in question, and no right of action would accrue to plain-tiff from injuries caused by such grading, unless there was a *direct invasion* of the plaintiff's premises, and for such direct invasion of her lot she would be entitled to recover the damages caused thereby."

(2). The second ground was the refusal of the court to charge: " The defendant would have the right to set-off any enhancement in value, or benefit to the property by the improvement, against the damages sustained by plain-tiff in consequence of the same," but charged the con-verse of this proposition.

1. It has, no doubt, long been the well settled rule in this state, as recognized and enforced by our courts, that mu-nicipal corporations are not liable for *consequential* dama-ges caused by the raising and lowering of the grade of

streets, and the decisions have rested upon the common law doctrine that the proper construction and improvement of streets are supposed to be made for the public good, and that private injury or inconvenience that may arise to adjacent lot-holders, as a consequence of such raising or lowering the grade of the street must be borne by the proprietor without compensation, because his right to such must yield to the promotion and advancement of what is the public good of the city. See 23 *Ga.*, *Markham vs. City of Atlanta*, 402; 28 *Ga.*, 46; 34 *Ga.*, 326; 49 *Ga.*, 19.

But it is now claimed, and so the court instructed the jury, that this rule had been changed by a provision of the constitution of 1877, contained in the last clause of paragraph 1, section 3, of the "Bill of Rights," which reads as follows: "Private property shall not be taken or damaged for public purposes without just and adequate compensation being first paid."

It is not denied by counsel for plaintiff in error that under this provision of the constitution any direct and immediate damage done to private property, such as its invasion or spoliation thereof, the city would be liable for damages and be compelled to make just compensation as by the constitution provided; but he insists that it was not the intent or purpose of the framers of that instrument to vary or change the rule, so well established and long recognized by the courts, that in improving the streets by raising or lowering the grade thereof, the city would not be liable to respond to lot owners bounding thereon for any consequential damages resulting therefrom. The duty devolves upon this court, then, to construe, for the first time, this clause in the Bill of Rights. In previous constitutions the words varied from the present: "Private property shall not be taken for public use without just compensation," were the words ordinarily employed. But under the constitution of 1877, further protection is sought to be given to the property of the

citizen, and now, " it shall not be taken or *damaged* for public use without just compensation." The article does not define whether the damage shall be immediate and direct or consequential. Any damage to property for public use must receive its compensation. It may be, and will no doubt, often occur that the consequential damage may impose a more serious loss upon the owner than a temporary spoliation or invasion of the property.

We must presume the convention intended that any damage, whether direct or consequential, done to property for public use, must be compensated for. Now, this was private property, and the improvement of the street was being made for public use, and if the property was damaged thereby, why would not this plaintiff below be entitled to just compensation for such damages? We think, therefore, the court did not err in instructing the jury that the former rule of law which once obtained was altered and changed by the clause in the Bill of Rights, heretofore cited, in the constitution of 1877. In the constitution of Illinois the words were very similar to those contained in our own. That provision was: "Private property shall not be taken or damaged for public use without just compensation." In construing the meaning of these words the supreme court of that state held: "That if injury to private property is sustained by changing the grade of a street, the municipal corporation causing the same to be made, will be liable to the owner in damages." 83 Ill., 535; 67 *Ib.*, 477; 82 *Ib.*, 337. We think a reasonable construction of our constitution, aided as we are by the interpretation of like words in the constitution of Illinois, by the supreme court of that state, fully establishes the rule, that if a person is damaged in making such improvements, he may recover.

2, 3. But was the court right in holding and so advising the jury: " That where it is established that property has been damaged, and damaged to a certain amount for public use, the defendant has not a legal right to set off against

that any general enhancement of the value of property on the same street, nor has the defendant the right to set off any probable or possible enhancement to the same property?" We think not.

The true question is whether the property is injured by the improvement; if not, then there is no damage, and there can be no recovery. If there is, then the recovery must be measured by the extent of the loss. If the property is worth as much after the improvement as before, then there is no damage done to the property. If the benefits received from making the improvements are equal to, or greater than the loss, then the property is not damaged for public use. There can be no damage to property without a pecuniary loss, and if there is no depreciation in value, then there is no damage, and if no injury, then there should be no recovery. 70 Ill., 238; 83 *Ib.*, 537. We wish it to be understood that the enhancement of the value of property to be set off must spring alone from the improvement made. And such, in our view, ought to have been the instructions given to the jury on this branch of the case, and in so refusing there was error.

In holding that a municipality would be liable to a property-holder for damages done to the same in raising or lowering the grade of a street, in cases where the property is not taken for public use, but only damaged, by reason of the change of the grade or otherwise, the damages for which there may be a recovery must be real, not speculative. The damages contemplated by the constitution must be an actual diminution of the present value or price caused by constructing, or raising or lowering the grade of the street, or some physical injury to the property that renders it less valuable in market if offered for sale. The damages must be for an actual diminution of the market value of the land, and not speculative. 70 Ill., 238, 324.

Let the judgment of the court below be reversed and a new trial had.

Judgment reversed.