## SMITH *v.* FLOYD COUNTY.

1. A judgment of nonsuit is no bar to a subsequent action for the same cause brought in due time.
2. Construing the constitution of 1877 and the code together, a right of action exists against a county for damaging private property for public uses in constructing the approaches to a county bridge, thereby elevating the roadway above an adjacent lot so as to hinder access to the lot from the road.
3. The measure of damages is the actual depreciation in the market value of the lot caused by the work complained of.

May 7, 1890.

Nonsuit. Actions. Counties. Constitutional law. Damages. Before Judge MADDOX. Floyd superior court. September term, 1889.

To the September term, 1887, of Floyd superior court, the plaintiff brought his action against Floyd county for damages to his lot by the building of a bridge. On April 18, 1888, during the March term, the case came on to be tried; and the plaintiff having closed his evidence, the defendant moved for a nonsuit on the ground that the county was not liable to suit on the case made by the evidence. The motion was sustained, and the case dismissed. On September 4, 1888, the plaintiff brought his suit for the same cause of action, alleging as follows: During 1887, prior and up to July, the county proceeded to build and construct, and has built

and constructed, an iron, stone and wooden bridge across the Etowah river at the southeast terminus of Howard street in Rome, and in such construction built an embankment and trestle-work as an approach to the bridge on the Rome side, six or eight feet higher than the level of the surrounding ground and four or six feet higher than any other embankment or approach ever before constructed to any bridge before built across said river at said place. Plaintiff is the owner of a city lot lying immediately on the bank of the river and above the bridge, and adjacent to the street leading thereto, which lot has been used as a residence lot and was suitable for such purpose before the building of said embankment and trestle. By reason of such building the lot is now six or eight feet below the grade of Howard street and the line of travel; it is impossible for vehicles to pass to and from the lot to the street, as was easily done prior to the erection of the embankment and trestle, and as is now the right of plaintiff; and the lot is injured and damaged in that it is placed below the street and is inaccessible thereto. The lot is in the overflow district of the city ; and when the river rises and overflows its banks, a current passes over and across the lot and street, the same being in the channel or passage in time of freshet. At such time the embankment will arrest the natural flow of water and cause it to rise higher than it otherwise would over the lot, and to flow around the end of the embankment towards the river, thereby making a current or flow of water from off the lot into the main channel of the river, thus endangering the safety of any building that may be upon the lot. The work of constructing the trestle and approach to the bridge and the earth and stone embankment was done by the county itself, without the agency of any contractor or other person or persons ; and the damage sued for was caused by the acts of the county

alone. On July 4, 1887, plaintiff presented a claim for damages to the board of commissioners of roads and revenues of the county, and payment was by them refused.

The defendant pleaded *res adjudicata*, and when the case was called for trial, moved to dismiss it on the grounds that the questions involved were *res adjudicata*, and because the declaration sets forth no sufficient cause of action against the county, or any cause of action on which the county is · liable to suit. The motion was sustained, and the case dismissed on both grounds; and the plaintiff excepted.

DEAN & SMITH, for plaintiff.

ALEXANDER & WRIGHT, for defendant.

BLECKLEY, Chief Justice.

The code, in §3446, expressly recognizes the right of a plaintiff to recommence his suit on the payment of costs, after he has been nonsuited in a previous action. And §2932 saves his right of action for six months as against the statute of limitations. This court has recognized the right to sue again after nonsuit in *Langston* v. *Marks*, 68 *Ga.* 435, and *Stirk* v. *R. R. Co.*, 79 *Ga.* 495. The apparent doubt entertained in *Greenfield* v. *Vason*, 74 *Ga.* 126, is of no significance. Nor is the case of *Kimbro* v. *R. R. Co.*, 56 *Ga.* 185, an authority upon the question; for that case dealt with a direct adjudication upon the cause of action as set out in the declaration, and had nothing to do with any failure to support the declaration by evidence, which in this State is the ordinary ground for awarding a nonsuit. A direct decision upon demurrer to the effect that the plaintiff by his pleadings sets forth no cause of action (not merely that a good cause is defectively set forth) will constitute a bar to a subsequent action. To this effect are several cases in our reports, such as *Jor-*

*dan* v. *Faircloth*, 34 *Ga.* 47; *Gray* v. *Gray, Id.* 499; *Black* v. *Hunter*, 27 *Ga.* 40; *McGinnis* v. *The Justices*, 30 *Ga.* 47; and *Smith* v. *Hornsby*, 70 *Ga.* 552. .The question as to nonsuit is controlled for .us by the two sections of the code above cited; and there is much outside authority in harmony with them, though much also which seems to look in a different direction. Amongst the cases holding that a nonsuit is no estoppel, see Homer *v.* Brown, 16 How. 354; Manhattan Life Ins. Co. *v.* Broughton, 109 U. S. 121; Bucher *v.* R. R. Co., 125 U. S. 505. For a broad survey of the question on both sides, see Bigelow on Estoppel, 52; 1 Herman on Estoppel, 295 ; Wells on *Res· Adjudicata*, 375. In the present case the facts touching the nonsuit are set forth in the plaintiff's declaration, and for that reason the ruling in *Killen* v. *Compton*, 57 *Ga.* 63, which holds that a former recovery is not available by mere motion, does not apply.

2. The constitution (Code, §5024) declares : "Private property shall not be taken or damaged for public purposes without just and adequate compensation being first paid." According to the declaration, the county of Floyd constructed an embankment and trestle-work as an approach to a public bridge, thereby changing the grade of the street and rendering it impossible for vehicles to pass from the street to the plaintiff's adjacent lot and from the lot to the street. The lot "is injured and damaged in that it is placed below the street and is inaccessible thereto." The damage is laid at $800. The legislature has made no provision for assessing such damages, but the right to have then paid is expressly declared by the constitution. The county, by section 491 of the code, is made a corporation and declared liable to suit. The code, in section 3250, says : " For every right there shall be a remedy, and every court having jurisdiction of the one may, if

necessary, frame the other." And by section 2243 the code declares that, "for every injury done by another to person or property, the law gives a right to recover and a remedy to enforce it." By the constitution (Code, §5141) the superior court is invested with jurisdiction in all civil cases, with certain exceptions, and this case is not within any exception. We thus have a constitutional right, an injury affecting that right, a court of competent jurisdiction, a defendant declared subject to suit, and a provision for the appropriate remedy. What room is there for doubt that the action is maintainable? On general principles, an ordinary action at law, where no specific remedy is pointed out by statute, is available. Lewis Em. Dom. §624. The constitution (Code, §5190) in express terms broadens the taxing power which the legislature may confer upon counties, sufficiently to embrace all expenses for constructing and maintaining bridges and roads. No obstacle, therefore, exists to raising revenue for paying the damages which may be recovered in this and all similar actions. The cases heretofore ruled by this court, such as *Smith* v. *Wilkes and McDuffie Counties,* 79 *Ga.* 125, and *County of Monroe* v. *Flynt,* 80 *Ga.* 488, holding that counties are not subject to suit except in cases expressly provided for by statute, are not inconsistent with what we now decide, inasmuch as the supposed causes of action involved in those cases were not within the terms of the constitution. The violation by a county of a constitutional right of the citizen must by necessary implication raise a cause of action in favor of the citizen against the county, unless some means of redress other than suit has been afforded by the legislature. Had the plaintiff's property been damaged in the mode alleged in his declaration, prior to the constitution of 1877, whether done by a city or a county, he would have had no right of action (*City of Atlanta* v. *Green,* 67 *Ga.* 386); but under that constitu-

tion, cities, counties and all other public organizations are denied any power or right to cause such damages for public purposes without making compensation. In this respect they are all upon an equal footing, and there is no reason for holding a county exempt from suit for acts done by it for objects within its legal competency, when a city, for like acts done within its legal competency, would not be exempt. The constitution is no less directly applicable to the one than to the other. Nothing appears in the declaration indicating that the county was not exercising its legitimate functions in doing the work complained of, or that the damage resulted merely from the improper execution of the work.

3. In holding that the declaration sets forth a cause of action, we are to be understood as sustaining it not for the purpose of treating the work or its results as a nuisance to the plaintiff's premises, but only for the purpose of recovering damages for the exercise of the power of eminent domain. The work done is to be treated as rightful in all respects save in the omission to pay compensation. And the measure of compensation is the actual depreciation in value (in the market value) of the plaintiff's premises, resulting from the work done and its effect upon the property. *City of Atlanta* v. *Green*, 67 *Ga.* 386; Chicago v. Taylor, 125 U. S. 161. Such is the measure contemplated by this court, though perhaps not distinctly announced, in *Campbell* v. *Metropolitan R. Co.*, 82 *Ga.* 320.

The court erred in dismissing the action.

*Judgment reversed.*