## FREEBLE *v.* GRAVES *et al.*

Claims of non-resident witnesses for the State can be lawfully paid only when such claims, both for attendance and the number of miles traveled, are verified by the witness on the subpœna, and such attendance and mileage certified by the solicitor-general; hence a certificate made by the solicitor that he certifies to the attendance of his own knowledge, and to the mileage *on the affidavit of the witness*, is not sufficient to compel payment of the claim. A certificate in the words used, as to the mileage, makes the correctness of that claim rest alone on the affidavit of the witness. The law requires not only the affidavit of the witness as to his attendance and mileage, but the correctness of the claim for mileage as well as attendance to be certified by the prosecuting officer.

Submitted December 2, — Decided December 13, 1901.

Petition for mandamus. Before Judge Holden. Hancock superior court. October 8, 1901.

*F. L. Little* and *R. H. Lewis*, for plaintiff.
*W. H. Burwell*, for defendants.

LITTLE, J. A. G. Freeble presented a petition to the judge of the superior court of Hancock county, praying for a mandamus absolute against Graves et al., as the board of commissioners of roads and revenues of Hancock county. It appears that the petitioner is a resident of the State of Ohio, and that in July, 1901, a subpœna was issued by the clerk of the superior court of Hancock

county and the solicitor-general of the Northern circuit, representing the State of Georgia, commanding the petitioner to appear as a witness at the August term of said court, to be sworn as a witness for the State in the case of the State *v.* Lamar, charged with embezzlement; that he appeared at the August term of the court and attended four days, and claims $8.00 for attendance, and $63.40 mileage, as being actual traveling expenses, and presented his bill, together with his subpœna, to the county commissioners, who refused to pay the same. It was for the purpose of enforcing such payment that the petition was filed. A rule nisi was issued, and on the hearing, the facts not being contested, the judge of the superior court refused the mandamus absolute, and to the order so refusing the petitioner excepted. As a defense to the petitioner's claim the county commissioners contend that, as the petitioner was a resident of the State of Ohio, compulsory process to enforce his attendance as a witness in Hancock county is not provided by the law, and, inasmuch as he was not served with the subpœna while in this State, but received it by mail in the State of Ohio, and voluntarily attended, that he is not entitled to the per diem and mileage allowed to a non-resident witness for the State, when duly summoned to appear under the statute. The contrary of the proposition is claimed by the petitioner. Without regard to the merits of the case presented, we are compelled to affirm the judgment rendered by the trial judge, because the petitioner in this instance has not made a prima facie case entitling him to be paid. The Penal Code, § 1114, provides that no subpœna for a non-resident witness for the State shall be issued unless signed by the clerk of the court and the solicitor-general of the circuit. This was done in the present case, and the subpœna appears to be regular and in conformity with the law. It is further provided, in section 1115, that a witness for the State attending in a different county from that of his residence shall receive two dollars per day during his attendance, and his actual traveling expenses, not to exceed four cents per mile in going and returning. And by section 1116 it is provided that the claim shall be verified by the witness on the subpœna, and that he shall distinctly state the days of the month of the attendance, and the number of miles traveled, and the attendance and mileage shall be certified by the solicitor-general after the case has been tried or disposed of. Substantially all these requirements were complied with, except there was no legal certifi-

cate by the solicitor-general of the mileage claimed in this case by the witness. The certificate made by the solicitor-general is in these words: "I certify to the attendance of A. G. Freeble on the attached subpœna, August 5th, 6th, and 7th, 1901, of my own knowledge, and to the mileage on the affidavit of the witness within. This August 10th, 1901. [Signed] David W. Meadow, solicitor-general."

It will be noted that, under the statute, payment out of the county funds is not required to be made to the witness, unless, in addition to his verification of the days of the month of the attendance and the number of miles traveled, the attendance and mileage shall be certified by the solicitor-general. The plain meaning of this statute is, that the witness is not entitled to payment of his mileage on his own verification, but that he is entitled to receive his mileage only when such mileage has likewise been certified by the solicitor-general. It may be replied that the solicitor-general does not know, and has no means of ascertaining the fact. Of course the contemplation of the law is, that the actual traveling expenses of such witness shall be paid by ascertaining the distance traveled by the nearest practicable route between his place of residence and the county where the case stood for trial. The witness himself, by traveling over this route, could not, without great difficulty, actually ascertain for himself the number of miles which he had traveled. Necessarily he would have to rely upon information obtained from maps, railroad schedules, or other sources sufficiently satisfactory to him to verify the bill which he presents; and our view is, that the law requires the solicitor-general to sufficiently satisfy himself to be able to certify to the mileage claimed by the witness, in addition to the affidavit of the witness. In the present case, while the solicitor-general certified of his own knowledge to the days of attendance of the witness, in terms he certified to the mileage claimed by the witness on the affidavit of the witness; and if this bill should be paid on this certificate, its correctness would be determined alone on the verification made by the witness, because the solicitor-general expressly bases the certificate on that affidavit. This, we think, is not such a compliance with the statute as entitled petitioner to be paid his mileage out of the county funds of Hancock county. This statute is to be construed strictly; and inasmuch as it seems that it was the purpose of the lawmakers to

declare that claims of this nature against the county should only be paid when the correctness of the item was certified to by the solicitor-general, in addition to the verification of the bill by the witness, the petitioner was not entitled to mandamus absolute, without regard to the legal question involved. The judgment of the trial judge must therefore be

*Affirmed. All the Justices concurring.*