### 260. DOUGLAS, AUGUSTA AND GULF RAILWAY COMPANY v. SWINDLE.

1. The test of the sufficiency of a petition to resist a general demurrer is the ability of the defendant to admit all that is alleged therein and yet escape liability altogether. A general demurrer to the petition should not be sustained and the suit dismissed because the plaintiff would not be entitled to recover all he asks, if the petition sets up a good cause of action as to any portion of his demand. Judged by this rule, there was no error in overruling the demurrer to the petition as a whole.
2. The special demurrers were properly overruled.
3. A demurrer addressed to a particular paragraph of the pleadings is not necessarily, for that reason, a special demurrer. "A general demurrer enables the party to assail substantial imperfections in the pleadings of the opposite side, without particularizing any of them in his demurrer; a special demurrer goes to the structure merely, and not to the substance, and obliges the party demurring to lay his finger on the very point." *Martin* v. *Bartow Iron Works,* 35 *Ga.* 323.
4. "Demurrer, being a critic, must itself be free from imperfections."

Action for damages, from city court of Nashville—Judge Peeples. February 2, 1907.

Submitted April 1,—Decided April 11, 1907.

*William H. Barrett, J. W. Quincey,* for plaintiff in error.

*Hendricks, Smith & Christian, Spencer R. Atkinson,* contra.

RUSSELL, J. This is a suit to recover damages for personal injuries alleged to have been sustained by the plaintiff as a passenger on a train of defendant. Within the time required by law the defendant company demurred to the petition. The court overruled the demurrers, and the defendant company excepted. The

question to be determined, therefore, in our search for error is, whether the court erred in overruling any of the demurrers or whether it erred in overruling them' all. There can be no possible doubt as to the ruling as to the first demurrer, which is denominated a general demurrer, and none as to the second, third, fourth, and fifth. And the seventh was met by a proper amendment. Upon our first reading of the twelfth paragraph of the petition and of the demurrer thereto, numbered sixth, we were inclined to think that the court erred in not sustaining that demurrer; but upon more mature reflection we are satisfied that the trial judge committed no error in likewise refusing to strike the twelfth paragraph. This paragraph is open to a special demurrer; and if a proper special demurrer thereto had been offered, it should have been sustained; but the demurrer insisted upon was a general demurrer. To have sustained it would have been to strike the entire paragraph, the major portion of which is properly alleged and is pertinent and germane to the cause of action.

The petition, in the first, second, third, and fourth paragraph, after alleging that the defendant company is a corporation having an office and agent in Berrien county, sets up that the petitioner was a passenger with a ticket, which had been surrendered to the conductor, entitling him to be carried from Sparks to Nashville, Ga. The train stopped at Massee, Ga., and, the weather being cool and it being unpleasant away from the fire, the plaintiff went to the stove for the purpose of warming, it being necessary for him to get near the stove to warm. He was standing with his face towards the west, when the employees of the defendant company running the train went on the side-track to get certain cars loaded with lumber to "make up" their train, and said employees carelessly "kicked" the loaded cars off the side-track onto the main line and allowed them to run wild down said main line at a rapid rate of speed without any one upon them to control them, and they collided with such force with the cars and a flat car in front of the passenger-coach aboard which was the plaintiff that he was knocked off his feet, thrown backwards across the top of the stove in which was a fire and by which he was warming, and injured and damaged, as thereinafter set forth, in the sum of $10,000. The remainder of the petition is as follows:

"Sixth. That the cars of the defendant company were allowed

to run wild or shoved in by the engine in such a rapid rate of speed until it bucked or doubled the flat car between the passenger-coach and the two box-cars attached to the flat between said box-car and said passenger-coach.

"Seventh. Defendant was further negligent in that when they 'kicked' said cars in and upon said main track or shoved them in and upon said line with their engine as aforesaid, they rang no bell, nor blew any whistle, nor gave any alarm by which the plaintiff could be on his guard, thereby throwing him backwards upon said stove in the manner and form aforesaid.

"Eighth. The plaintiff was injured and damaged as follows: That by· reason of said sudden and violent collision of the cars, caused by the carelessness of the defendant company and the throwing of the plaintiff against and upon the stove as aforesaid, the lumbar region of his body striking the top of said stove, breaking two of his lower ribs on the left side of his spinal column, and breaking or fracturing the third rib and scalding and burning the lumbar region of his body, he is injured and damaged in the sum aforesaid.

"Ninth. The plaintiff, by reason of the aforesaid injuring, was unconscious for several minutes, and that he was unable to stand, walk, or navigate without assistance, and. that his spinal column is severely and permanently injured.

"Tenth. That by reason of the aforesaid injuries, that the spinal column of the plaintiff, at and near the lumbar region of his body, by reason of the concussion caused by the injuries aforesaid, has caused his spinal column to become the seat of the inflammation and pressure, thereby causing his spinal column, as aforesaid, to become quick and tender and easily hurt, your petitioner thereby suffering the most excruciating pains, which are permanent and lasting.

"Eleventh. That by reason of the injuries aforesaid, the concussions of the spinal column at the lumbar region have caused the plaintiff to lose almost entirely the use of his left leg, and that he can walk only by a violent effort in limping and dragging his leg as aforesaid.

"Twelfth. The plaintiff alleges, that, less than two years prior to his injuries as aforesaid, he was severely and almost fatally injured by the defendant's road in the city of Nashville, Ga., and

that by reason of his last injury the old wounds and injuries have been causing him great annoyance, pain and suffering.

"Thirteenth. That each of the hips of the plaintiff has unceasing and severe pains in them, caused by the injuries inflicted upon him as aforesaid, the seat of said injuries being in the lumbar region of the spinal column of petitioner, as aforesaid described, and all of which injuries are permanent and lasting, and causes your petitioner the most severe mental pain and suffering.

"Fourteenth. Your petitioner further shows that he was entirely without fault in the transaction, and that his injuries were caused by the wrong and negligence of the said defendant, its agents and servants, as aforesaid, nor could he, by the exercise of ordinary care upon his part, have prevented the consequence to himself of the defendant's negligence.

"Fifteenth. That petitioner at the time he sustained his injuries as aforesaid, was earning from $75.00 to $100.00 per month; that he was fifty years of age, and had a reasonable expectancy of ————years of life."

The defendant company filed the following demurrer; and the action of the court thereon is the error complained of.

"1. That there is no cause of action set out in the said petition. And said defendant demurs specially:

"2. Because it is not made sufficiently plain in paragraph sixth or elsewhere. what is meant by the allegation that it 'bucked' or doubled the flat car between passenger-coach and the two box-cars.

"3. Because it does not appear in paragraph seven or elsewhere that there was any duty upon the defendant to ring a bell or blow a whistle or give any other alarm when it shoved or 'kicked' cars upon its main track.

"4. Because the said petition fails to show that the plaintiff did not know of the approach of the said cars to the coach in which he is alleged to have been standing, and of the alleged rapidity of motion of the moving cars.

"5. Because the said petition does not set forth sufficiently definitely in what way or manner the lumbar regions of his body were injured.

"6. Defendant demurs to paragraph twelve as being irrelevant and impertinent, and prays that the same be stricken.

"7. Because it does not appear in paragraph fifteenth what was the age of plaintiff at the time of the injury."

We shall consider these demurrers, so far as it is necessary to further discuss them, seriatim.

1. The reading of the petition is absolute demonstration of the fact that there is no merit in the first paragraph of the demurrer. A cause of action is set forth in the petition, because its allegations can not be admitted without the plaintiff being entitled to recovery. The plaintiff was a passenger, had paid his fare, and the railroad was bound for extraordinary diligence for his safety. The cars were negligently "kicked" against the car in which he was a passenger, and this negligence, as alleged, threw him against the stove, where he was warming, broke two of his ribs, and scalded and burned the lumbar region of his body, causing the petitioner the injuries aforesaid, and to entirely lose the use of his left leg, and to suffer the most excruciating pains. Without the amendment stating petitioner's age, he could only have recovered for pain and suffering; but the petition nevertheless set forth, to that extent, a good cause of action and would resist a general demurrer. As sustaining the above decision, we cite, among many other cases which could be cited, *Glenn* v. *Western Union Tel. Co.,* 1 *Ga. App.* 821; *Ga. R. Co.* v. *Rayford,* 115 *Ga.* 937; *Ferrill* v. *Perryman,* 34 *Ga.* 576; *Eagle & Phenix Co.* v. *Welch,* 61 *Ga.* 444; *Pullman Car Co.* v. *Martin,* 92 *Ga.* 161; *Western Union Tel. Co.* v. *Jenkins,* 92 *Ga.* 398; *Bank* v. *O'Neal,* 101 *Ga.* 673; *Blackstone* v. *Central R. Co.,* 105 *Ga.* 380; *S. C. & Ga. R. Co.* v. *Augusta Southern R. Co.,* 114 *Ga.* 420. The test as to whether a petition can resist a general demurrer is whether the defendant could admit all that is alleged and escape liability. *Glenn* v. *Western Union Tel. Co.,* supra.

2. There is no merit in the special demurrer numbered two, for the reason that the words "bucked" or "doubled" are words of such common usage as that knowledge of their meaning must be presumed. The third and fourth paragraphs of the demurrer will be considered together, and can be determined in a few words. Both of these grounds of the demurrer assumed that there was a duty on the part of the passenger to know of the approach of cars to the coach in which he was riding, and to govern his conduct accordingly. A passenger who is in his rightful place has the

right to rely upon the protection of the carrier until he is informed of extraordinary danger.

The fifth special demurrer was properly overruled. It was addressed to the eighth paragraph of the petition, which alleges that the sudden and violent collision of the cars threw the plaintiff against the stove, the lumbar region of his body striking the top of said stove, scalding and burning the lumbar region of his body. We think the court was right in considering this a very definite statement designating the injuries and the portion of the body injured.

3. In the sixth division or subhead of the demurrer the defendant moves to strike the twelfth paragraph of the petition as being irrelevant and impertinent. We think that the court properly overruled this demurrer. The twelfth paragraph of the petition was subject to demurrer in so far as it stated or attempted to charge that defendant was the cause of his previous injury, and we can well see how the statement that his prior injuries were caused by the defendant can be made prejudicial to the defendant. This latter portion of the twelfth paragraph is impertinent and irrelevant. It is wholly immaterial how the plaintiff came to be injured on a former occasion, or who occasioned the injury; but it is relevant and pertinent to the plaintiff's case to state the fact that he was so unfortunate as to be in such physical condition as to require extraordinary diligence at the hands of the carrier. It is immaterial how his condition of physical weakness and suffering originated; but the fact is material that he had previously been injured and thereby his safety was more easily endangered and his suffering, if he should receive an injury, would likely be more acute. The fact that the resultant consequences were likely to be serious and permanent is relevant for the consideration of the jury. If the defendant has filed a special demurrer to that portion of the twelfth paragraph which is irrelevant, and pointed out the specific defect (the fact that that portion of the paragraph contained matter immaterial and prejudicial), for the reasons to which we have referred the court would have required an amendment accordingly. If the defendant intended to demur specially, he failed of his mark. That a demurrer is addressed to a special paragraph of a petition instead of to the petition as a whole does not of itself change it from a general to a special demurrer. The same charac-

teristics which obtain as to the term "general demurrer," when applied to the petition as a whole, still pervade it when addressed to a particular paragraph. And the legal result is the same. If the controlling thought or prayer of the paragraph is pertinent and germane, such paragraph will not be stricken because some other portion of such paragraph is, for any reason, impertinent, immaterial, or even prejudicial, unless that portion of the paragraph which is legally objectionable is *particularly* and *especially* pointed out.

4. For these reasons the sixth demurrer was properly overruled, whether it be denominated a general or a special demurrer. If intended as a special demurrer, it is itself demurrable; it failed to lay its finger on the point and specifically mention (as able counsel does in his brief) wherein and for what reason paragraph twelve of the petition (which in part is relevant and pertinent) is "irrelevant and impertinent." "Demurrer, being a critic, must itself be free from imperfections." If, as above stated, the sixth demurrer was intended as a general demurrer, it was properly overruled, because it was proper for the plaintiff to refer to the fact that he had been previously injured, in illustration of his physical condition and as imposing upon the carrier the duty of additional diligence for his safety. While it was improper for the plaintiff to state that such former injuries were caused by the defendant company, unless such allegations were relied upon as an additional cause of action, still, if the demurrer had been special, looking merely to the structure of the paragraph, it would have been within the power of the court to require the plaintiff to so amend the paragraph as to speak in accordance with his rights and the relief sought. If, as it appears, the statement was made simply to enable the plaintiff to charge the defendant with greater diligence, or to show that the plaintiff had suffered more pain by reason of his previous injury and thereby would be entitled to greater damages, the court would, no doubt, have caused the statement that those former injuries were caused by the defendant to be stricken from the petition. Or, if the plaintiff insisted that his suit asked for compensation for the former injury as an additional cause of action, the plaintiff would have had an opportunity to perfect the paragraph to meet that view of the case. The demurrer was not good unless it particularized the imperfec-

tions.  As stated in *Martin* v. *Bartow Iron Works*, 35 *Ga*. 323, there is a clear distinction between a general and a special demurrer, which has no reference to whether it is addressed to the whole of the petition or some particular part thereof.  "A general demurrer enables the party to assail every substantial imperfection in the pleadings of the opposite side, without particularizing any of them in his demurrer.  .  .  A special demurrer goes to the structure merely, and not to the substance, and  .  .  obliges the party demurring to lay, as it were, his finger on the very point." And Judge Erskine proceeds further to say, as showing the advantage of a special demurrer, that "when a party demurs specially, he may, in argument, attack substantial errors."  We regret that there was no special demurrer to the evident evil in the twelfth paragraph, because every case should be tried without the introduction of matters extraneous or prejudicial,—confined strictly to the legitimate issues involved.  But we are unable to say that the trial judge erred because he ruled according to law.  And as he no doubt would have stricken that portion of the paragraph objected to by the defendant if his attention had been thereto properly and specially directed, so we have no doubt that the learned trial judge will, upon the trial of the case, exclude from the consideration of the jury those prejudicial elements pointed out by the defendant, and confine the evidence, so far as that part of the paragraph is concerned, to its allegations.  In any event, the defendant can not transmute the defect in its demurrer into an error on the part of the trial court.          *Judgment affirmed.*