33339. CITY OF ATLANTA *et al.* v. KENNY *et al.*

Decided April 18, 1951.   Rehearing denied May 4, 1951.

*J. C. Savage, J. C. Murphy, J. M. B. Bloodworth, John E. Feagin, Henry L. Bowden, Tindall & Tindall, J. F. Kemp,* for plaintiffs in error.

*Mitchell & Mitchell,* contra.

WORRILL, J. The plaintiffs in error have argued this case before this court upon the theory that the plaintiffs' petition is a suit for damages resulting from the removal of lateral support by the defendants. Counsel for the city argue that the plaintiffs in their petition have not laid their case under the constitutional provision prohibiting the damaging or taking of private property without compensation first being paid (Constitution of 1945, Article 1, Section III, paragraph 1, Code § 2-301,

Code, Ann., 1948 revision); and, counsel go on to say that "indeed they could not, for the provision [above referred to] has no application to a happening of this kind."

With neither of these theses can we agree. While we have searched diligently and extensively for a precedent exactly in point, it does not appear that the question presented by the facts of this case and the argument of counsel for the plaintiffs in error has been before the courts of this State before, but there is ample authority sustaining in principle the right of the plaintiffs to maintain this action. Prior to the Constitution of 1877, the Supreme Court in a number of cases involving claims for damages resulting from the grading of streets and consequential damage to abutting landowners resulting therefrom, held that such owners could not recover for such consequential damage on the theory that the Constitution, in effect at that time, merely provided that private property should not be *taken* for public purposes without just compensation and that where the damage to the property did not result from an actual taking, no recovery would be had. See for example, *Mayor & Council of Rome* v. *Omberg,* 28 *Ga.* 46 (73 Am. D. 748); *Roll* v. *Augusta,* 34 *Ga.* 326; *Fuller* v. *Atlanta,* 66 *Ga.* 80.

However, there was embodied in the Constitution of 1877, the provision now contained in Article 1, Section III, paragraph 1 of our present Constitution that "Private property shall not be taken or damaged for public purposes without just and adequate compensation being first paid." The Supreme Court first had occasion to construe this constitutional provision in a case involving the raising of the grade of a street, wherein it was shown that the city had raised the grade some 15 feet above the plaintiff's lot, making access to the lot from the street difficult, and had thrown earth on the lot, causing her premises to be overflowed with sand and water thus rendering her garden unfit for use and cultivation. In upholding the right of the plaintiff to recover against the city for damage to her property, the Supreme Court said: "The article [of the Constitution] does not define whether the damage shall be immediate and direct or consequential. Any damage to property for public use must receive its compensation. It may be and will, no doubt, often occur that the consequential damage may embody a more

serious loss upon the owner than a temporary spoliation or invasion of the property. We must presume the convention intended that *any damage,* whether direct or consequential, done to property for public use, must be compensated for. Now this was private property and improvement of the street was being made for public use and if the property was damaged thereby, why would not this plaintiff below be entitled to just compensation for such damages? We think, therefore, the court did not err in instructing the jury that the former rule of law, which once obtained was altered and changed by the clause in the Bill of Rights heretofore cited in the Constitution of 1877." (Italics ours.) *City of Atlanta* v. *Green,* 67 *Ga.* 386. In *Moore* v. *City of Atlanta,* 70 *Ga.* 611, the court in speaking of the *Green* case said: "It was ruled there distinctly and it is now well-settled law in this State that if any owner of property be damaged by the grading of a street so as to lessen the pecuniary value of his property, he may recover damages for such injury to his freehold. That damage will be measured by the decrease in the actual value of his property." In *City of Atlanta* v. *Word,* 78 *Ga.* 276(3a), the court said: "Prior to the Constititution of 1877, a municipal corporation was not liable for damages resulting from the legislative act or exercise of judgment in ordering a street to be graded or a sewer therein to be constructed, but if the ministerial work of constructing such improvement was negligently done, the city was liable. Under the Constitution of 1877, the municipal corporation is made liable for damages resulting from such work, however skillfully done."

While the cases wherein the courts have considered the various aspects of this question are numerous, we think that the quotations above amply illustrate the principle involved. The plaintiffs in error seem to take the position that since the City of Atlanta did not actually appropriate or use any of the plaintiffs' property, and that since there was no intention to destroy the plaintiffs' building that no recovery can be had for its mere negligent or inadvertent or accidental destruction. This position is not tenable. While the authority of the city to establish fire stations and appurtenances thereto for the purpose of providing the citizens with fire protection, is a governmental function and for mere negligence or errors committed by the

officers or employees of the city in performing such function, the city is not liable, where the city damages or take the private property of one as a result of the performance of such governmental functions, a right of action under the Constitution accrues. *City of Atlanta* v. *Due,* 42 *Ga. App.* 797, 802 (157 S. E. 256). In such a case allegations of negligence on the part of the defendants are not necessary and will be treated as surplusage. *Gwinnett County* v. *Allen,* 56 *Ga. App.* 753, 754 (194 S. E. 38). In a like manner, the plaintiffs' case does not depend on the failure of the defendants to give notice of their intention to dig the ditch, and the allegations in the petition in this regard can have no bearing on the plaintiffs' right to recover. Such allegations will be treated merely as surplusage.

In view of the construction we have placed upon the petition the allegations contained therein respecting the removal of lateral support are viewed merely as descriptive of the manner in which the damage resulted from the defendants' acts. It does not appear that the plaintiffs intended to bottom their case upon the theory of the removal of lateral support, and the petition is not so construed. See *Campbell* v. *Metropolitan Street R. Co.,* 82 *Ga.* 320, 325 (9 S. E. 1078); *Smith* v. *Floyd County,* 85 *Ga.* 420, 424, 425 (11 S. E. 850); *Mayor &c. of Albany* v. *Sikes,* 94 *Ga.* 30(1), 31 (20 S. E. 257); *Barfield* v. *Macon County,* 109 *Ga.* 386, 387 (34 S. E. 596); *Roughton* v. *City of Atlanta,* 113 *Ga.* 948(1) (39 S. E. 316); *Langley* v. *Augusta,* 118 *Ga.* 590, 598 (45 S. E. 486); *Howard* v. *County of Bibb,* 127 *Ga.* 291, 293 (56 S. E. 418); *City of Clarkesville* v. *McMillan,* 143 *Ga.* 335(1) (85 S. E. 110).

The defendants, in excavating the ditch adjacent to the plaintiffs' property for the purpose of laying therein what may properly be termed an appurtenance of its fire protection system, was certainly engaged in work with a public purpose. When the plaintiffs' building collapsed as a result of this work, it can not seriously be contended that the building was damaged by reason of anything other than construction of improvements made for the use of the public, or that the damage was any less because the defendants had not intended to take or damage the building for the purpose of laying the cables and wires for the fire signal station. The principle announced in the cases from which we

have quoted, and followed in the cases cited amply support the view that the plaintiffs' petition stated a cause of action under the constitutional provision referred to, and that the trial court did not err in overruling the general demurrers of the defendants.

■ The defendant City of Atlanta, demurred generally to the plaintiffs' petition and contended that it was not liable for the acts of the defendants Wright and Lopez, inasmuch as it appears in the petition that the said Wright and Lopez are independent contractors. One ground of the special demurrer seeks to compel the plaintiff to enlarge its allegations respecting the relationship between the defendant City and the defendant contractor, so as to show whether the relationship was one of agency or whether the defendant was an independent contractor. In this respect the petition alleged merely that the defendant, Wright and Lopez, is a corporation having offices in and doing business in Fulton County; that the City of Atlanta "employed" the defendant Wright and Lopez, to make the excavation and dig the ditch involved and that neither the defendant city, nor Wright and Lopez gave any notice to the petitioners of their intention to make such excavations and that the defendants did not use ordinary care or take reasonable precaution to sustain plaintiffs' land. Exhibit A to the plaintiffs' petition, which is a copy of the written notice to the defendant city, of the plaintiffs' claim for damages, states merely that on the day in question "Wright and Lopez, contractors" were digging the ditch involved.

These grounds of demurrer are without merit. While the petition alleges various acts on the part of the defendants as constituting negligence, the case as made by the petition is not one involving negligence as a necessary element and the city's liability for the damage or destruction of the plaintiffs' property is not dependent upon the doctrine of respondeat superior. The city's liability is primary and absolute once it is shown that the damage resulted from the doing of work for a public purpose, and is based upon the constitutional guarantee. Under the allegations of the petition, the work *was* being done at the direction of the municipal authorities, and under such circumstances it was not incumbent upon the plaintiffs to show what the re-

lationship between the parties was beyond showing merely that the work was being done under the direction and authority of the city. This is more particularly true since the contract between the defendants was a matter particularly within their knowledge, and not a matter within the knowledge of the plaintiffs. If there is anything in the relationship between the defendants upon which the city may raise a meritorious defense, such fact is a proper matter to be raised by proper defensive pleading. The plaintiffs should not be required to enlarge the allegations of their petition in this respect simply to enable the defendant city to interpose a demurrer to the petition. See *Mayor &s. of Savannah* v. *Waldner*, 49 *Ga.* 316.

■ Several grounds of special demurrer attacked various allegations of the plaintiffs' petition respecting the matter of damages. The plaintiffs alleged that the true market value of the building in question was $20,400, that as a result of the collapse of the building its value was totally destroyed; that the present market value is nothing, and the prayer, among other things, sought the $20,400, as the diminution in the market value of the premises. The allegations of the petition respecting this element of the damage were not subject to demurrer as attempting to set up an improper measure of damages. However, the allegations of the petition respecting the abandonment of the building by the tenant, the loss of rent as a result thereof and the diminution in the rental value of the premises, the cost of removing the wreckage and debris and the allegations respecting the rental of the cleared lot to another tenant were not properly a part of the plaintiffs' cause of action and the trial judge should have sustained the special demurrers, which properly raised this question and should have required the plaintiffs to strike all the allegations of the petition respecting these latter elements of damage. *Streyer* v. *Ga. Sou. & Fla. R. Co.*, 90 *Ga.* 56 (2) (15 S. E. 637); *City Council of Augusta* v. *Schrameck*, 96 *Ga.* 426 (1) (23 S. E. 400); *Howard* v. *County of Bibb*, supra; *City Council of Augusta* v. *Lamar*, 37 *Ga. App.* 418 (6) (140 S. E. 763).

The judgment is affirmed on condition that the plaintiffs strike from the petition all allegations respecting damages save those showing the actual diminution in market value of the property in question as a result of the damage inflicted by the doing of

the work for a public purpose, otherwise the judgment stands reversed.

*Judgment affirmed on condition. Sutton, C.J., and Felton, J., concur.*