36427. CENTRAL OF GEORGIA RAILWAY COMPANY *v.* CLARK.

DECIDED FEBRUARY 26, 1957—REHEARING DENIED MARCH 19, 1957.

*Harris, Russell, Weaver & Watkins, H. D. Russell,* for plaintiff in error.

*Benning M. Grice,* contra.

QUILLIAN, J. 1. The defendant railroad insists that the allegations as to the trestle clearly show that the plaintiff was injured as a result of his own negligence in slipping from a narrow pathway over the trestle, and that there is nothing in the petition to impose upon the defendant the duty of establishing guardrails or catwalks on the trestle. The petition alleged that the trestle was a short distance from a depot and necessarily used in switching operations; that consequently cars of the freight trains were

often stopped on the trestle during this operation; that the trestle was regularly used as a starting point for east-bound freight trains which stopped at the depot and for parking a portion of the long east-bound freight trains. While it is true that ordinarily a railroad is not required to build guardrails or catwalks on trestles which are located in open country where trainmen are not ordinarily required to work on them and the trestle is devoted exclusively to the passage of trains across a river or ravine (Davis *v.* Shirer, 288 Fed. 293; Reetz *v.* Chicago & E. R. Co., 46 Fed. 2d 50), in this case the rule is not applicable to the situation established by the facts alleged in the petition. The rule applicable in the present case is well expressed in Bly *v.* Southern Ry. Co., 183 Va. 162 (31 S. E. 2d 564, 569) : "The custom and usage of railroads in constructing bridges without walkways may be an entirely safe practice where trainmen are not ordinarily required to work upon them. A bridge located where its exclusive use is devoted to carrying trains across a river or a ravine, and upon which trainmen are not ordinarily required to alight, might be largely controlled by the custom that walkways are not required. On the other hand, bridges that are constantly used by trainmen in switching cars, and upon which they are required to alight from or to board trains in the day or night time, are in a different category. The character of the use is important in making the distinction." And see again Reetz *v.* Chicago & E. R. Co., supra.

The defendant further insists that the hot box was not in whole or in part the proximate cause of the injury suffered by the plaintiff. With this contention we agree. The hot box, while creating the incidental situation in which the plaintiff was injured, was not the instrumentality or an efficient cause through which the injury was brought about. In the Reetz case, supra, the rule is stated thus at page 52: "A careful consideration of the non-collision cases, including the Goneau Case, the Bohn Case, the Caldwell Case, and such non-collision cases as are among others cited in the note hereto, leads to the conclusion that at least in those cases where there has been a failure of a required appliance, there is liability only where the failure of the appliance not only creates a condition under which, or an

incidental situation in which the employee is injured, but where the defective appliance is itself an efficient cause of or the instrumentality through which the injury is directly brought about."

The general grounds are without merit. There were sufficient allegations to show that the trestle was used as a place to work by railroad employees and it would be a question for the jury whether the defendant had provided the plaintiff a safe place to work.

2. Grounds 4, 5, 10, 12 and 16 of the special demurrer to the petition as originally drawn calling for more specific information were met by the amendment supplying the desired information.

3. Grounds 13, 18 and 19 of the demurrer to the petition as originally drawn which challenge the sufficiency of the averment in certain paragraphs of the petition to show any breach of duty on the defendant's part, or any liability of the defendant, are covered by the decision made as to the validity of the attack made by the general demurrer to the amended petition as a whole. This is true because the ruling as to the trial court's judgment overruling the general demurrer to the whole petition involved each question raised by the grounds of demurrer which attacked the paragraphs of the petition singly. No other grounds of the special demurrer to the petition as originally drawn show merit.

4. Grounds 11, 14, 15 and 17 of the demurrer object to the allegations contained as paragraph 14 of the petition that the defendant's employees had failed to lubricate the axle and that the mechanism of a wheel on one of the cars in petitioner's charge as conductor of the train was defective, on the ground that the allegations were irrelevant because they failed to sufficiently charge that the defendant's employees were negligent or that the condition of the wheel was the proximate cause of the plaintiff's alleged injuries.

For several reasons the objections made are not valid. It should be observed that, while directed to a single paragraph, the demurrer was, as in the case of *Douglas &c. R. Co.* v. *Swindle*, 2 *Ga. App.* 550 (3) (59 S. E. 600), a general demurrer, no specific reasons being assigned either as to why the allegation was insufficient to show negligence on the part of the defendant's

employees or why the defect in the wheel was not the proximate cause of the plaintiff's injuries.

Obviously, if the allegation was good for either purpose it was not open to the attack made upon it. It was at least a general allegation of negligence, sufficient as against a general demurrer. *Morgan* v. *Limbaugh,* 75 *Ga. App.* 663 (44 S. E. 2d 394); *Pirkle Machinery Co.* v. *Lester,* 79 *Ga. App.* 512 (54 S. E. 2d 298). It was relevant for the purpose of showing the conditions under which the plaintiff was injured and as constituting a part of the history of the transaction necessary to a clear understanding of the case as laid in the petition. Allegations of the petition having some materiality to the cause will not be stricken because they are not sufficient of themselves to fix liability. *Macon Telegraph Publishing Co.* v. *Graden,* 79 *Ga. App.* 230 (2a) (53 S. E. 2d 371).

5. All the grounds of the demurrer to the petition as amended except a part of ground 5 were decided by our ruling on the sufficiency of the amended petition to withstand general demurrer. Ground 5 raised the question as to whether the allegation that the trestle was used by the defendant in switching operations, known to the plaintiff, would be sufficient to charge the defendant that it might be used by the conductor of a train in inspecting a hot box on one of the cars. We think that the operations are so closely related that knowledge that the trestle was used for purposes of the one would be tantamount to knowledge that it would normally be used by employees in accomplishment of the other. The prevention of damage to cars, while not always involved in switching them, is a duty included in that operation. So the paragraph discussed showed knowledge on the part of defendant that the plaintiff, if occasion arose, would walk upon the trestle in doing the very thing he was engaged in when injured.

*Judgment affirmed. Gardner, P. J., Townsend, Carlisle and Nichols, JJ., concur. Felton, C. J., dissents.*

FELTON, C. J., dissenting. I think the court erred in overruling the general demurrer and certain paragraphs of the special demurrer.

In order to state a case under the F. E. L. A., negligence must

be alleged. In order to allege negligence in this case, it was necessary to allege facts which would show a duty of the railroad to provide walkways on the trestle growing out of its duty to anticipate injury to its employees by reason of its failure to provide walkways. The basic negligence alleged against the railroad is a failure to provide the employees with a safe place to work. If the trestle was not provided or intended or used as a place of work, the failure to provide walkways would not be negligence. The allegations that the trestle was used for switching and parking operations are not sufficient to show notice to the railroad that the trestle was used by employees as a place of work. The allegation that the trestle was used by employees as a place of work on the day of employee's injuries is not enough because unless the railroad was bound to anticipate such use the isolated instance of an employee's effort to treat the trestle as a place of work would not make it one and would raise no duty upon the railroad to provide a walkway. It would hardly have had time to do so under the facts if this instance was the first use of the trestle as a place of work. If every specific fact alleged as distinguished from unfounded conclusions, is proved on a trial, they would not authorize a finding of negligence on the part of the railroad. By this guide the general demurrer should have been sustained.