40626. RICHMOND COUNTY v. WILLIAMS et al.

DECIDED APRIL 7, 1964—REHEARING DENIED APRIL 28
AND MAY 6, 1964.

*Eugene Cook, Attorney General, Richard L. Chambers, E. J. Summerour, Assistant Attorneys General, Franklin Pierce,* for plaintiff in error.

*Congdon & Holley, R. Eugene Holley, Daniel B. Baldwin,* contra.

EBERHARDT, Judge. Defendant urges as reasons why the trial court should have sustained its general demurrer, (a) that it appears from the petition that no part of their property has been taken in the construction of the highway, (b) that it appears from the allegations of the petition that plaintiffs' property does not abut or touch the highway at any point, but is 50 feet distant therefrom, and that there is no allegation that their right of ingress and egress has been interfered with to any extent whatever, (c) that since it is alleged that the highway was constructed "by the State Highway Department . . . jointly and in cooperation with [Richmond County]," the court must take judicial notice that the work was performed by an independent contractor because of the requirements of *Code* § 95-1709 as to the county and *Code Ann.* §§ 95-1617 and 95-1620 as to the State Highway Department, making it necessary that the work be done by contract pursuant to competitive bidding, and that the plaintiffs' remedy, if any they have, is not against the county or the State Highway Department but against the contractor who performed the work, and (d) that the damages sought are not recoverable.

(a) While it is true that no part of plaintiffs' property was *taken* in connection with the highway construction project, Art. I, Sec. III, Par. I of the Constitution of 1945 (*Code Ann.* § 2-301) provides that "Private property shall not be taken, *or damaged,* for public purposes, without just and adequate compensation being first paid." (Emphasis added). Here plaintiffs allege that the construction of the overpass resulted in physical damage to their house in the nature of cracks in the ceilings, walls, floors, windows and doors and in the weakening of the general structure to such an extent that it shakes and vibrates upon the slightest jarring movement in it.

(b) Nor does it matter that plaintiffs' property does not ad-

join or abut the highway improvement if the construction of the improvement resulted in physical damage to it. In *Tift County v. Smith*, 107 Ga. App. 140 (129 SE2d 172) (reversed on other grounds, 219 Ga. 68, 131 SE2d 527) plaintiffs' land did not abut or adjoin the highway improvement but was damaged from water caused by the improvement to flow and pond upon it, and as to that it was held that plaintiffs had a cause of action. The same result was reached in other cases where plaintiff's property did not adjoin or abut the improvement. *Dougherty County v. Long*, 93 Ga. App. 212, 213 (91 SE2d 198); *Clarke County School District v. Madden*, 99 Ga. App. 670 (1) (110 SE2d 47); *Sheehan v. Richmond County*, 100 Ga. App. 496 (111 SE2d 924). See also the statement in *Austin v. Augusta Terminal R. Co.*, 108 Ga. 671, at 678 (34 SE 852, 47 LRA 755).

Defendant relies strongly upon *Smith v. Wilkes & McDuffie Counties*, 79 Ga. 125 (4 SE 20), but as Chief Justice Bleckley, who wrote it, pointed out in *Smith v. Floyd County*, 85 Ga. 420 (11 SE 850), neither it nor *County of Monroe v. Flynt*, 80 Ga. 489 (6 SE 173) is inconsistent with what is here decided since "the supposed causes of action involved in those cases were not within the terms of the constitution."

"The constitutional provision . . . is all inclusive, and covers taking or damaging of private property whether brought about by action involving proper and diligent construction or taking, or negligent damaging or taking. *Bates v. Madison County*, 32 Ga. App. 370 (123 SE 158). In either event the citizen's constitutional right is violated and he is entitled to just and adequate compensation. The case of *Tounsel v. State Hwy. Dept.*, 180 Ga. 112 (178 SE 285) is not applicable because it was not a suit for damages for the taking or damaging of private property for public purposes." *Gwinnett County v. Allen*, 56 Ga. App. 753, 754 (194 SE 38).

(c) We do not agree that we must take notice here that the construction was accomplished by an independent contractor by reason of the provisions of *Code Ann.* §§ 95-1617, 95-1620 and *Code* § 95-1709. It is true that § 95-1620b provides that "The chairman of the Highway Board shall advertise for competitive bids on all road contracts, bridge contracts, and all other

construction contracts, involving funds in the amount of $1,000 or more, all of which must be approved by the State Highway Board or a majority thereof in writing and no contract shall be made or let without two or more bids from reliable individuals, firms or corporations, *except contracts with political subdivisions* or other departments of the State which shall be let at the average bid price of the same kind [of] work let to contract after advertising during the period of 60 days prior to the letting of the contract," (emphasis supplied), but, as will be observed, the Highway Department itself is permitted to proceed without a contract up to $1,000 and is authorized to contract with political subdivisions without reference to amount. And in *Code Ann.* § 95-1715 it is provided that "The State Highway Department of Georgia shall have authority to plan and to construct, improve and maintain the State-aid roads in any manner it may deem expedient, by free labor, by contract, or by any other method or combination of methods, in its discretion."

*Code* § 95-1709 simply prohibits the use of county funds for the construction or maintenance of a State-aid road after it is taken under the jurisdiction of the State Highway Department.

By *Code Ann.* § 95-1630 it is provided that "The State Highway Director and/or the State Highway Department are hereby prohibited from negotiating contracts with any person, firm or corporation for the construction of highways, roads, and bridges *except contracts with counties* for work to be performed by convict labor or county forces, and not otherwise." (Emphasis supplied). Here is a specific prohibition against subletting by the county. The county *must* do the work itself if obtained under this section.

Plaintiff here alleges that "the State Highway Department of Georgia, jointly and in cooperation with [Richmond County], has constructed or has caused to be constructed" the highway improvement which he alleges caused the direct physical damage to his property.

The situation here is closely akin to that in *City of Atlanta v. Kenny*, 83 Ga. App. 823 (64 SE2d 912) and we regard *Kenny* as controlling of most of the issues raised. There suit was brought against the City of Atlanta and an independent contractor whom

the city had engaged to do the work of opening a ditch for the laying of cables to a fire station. The ditch was opened along the property line of the plaintiff, though it took no portion of his property, and a building on plaintiff's land collapsed because the lateral support on that side was withdrawn. The city contended that the suit was in tort for removal of lateral support, that it was not and could not be laid under the constitutional provision, and that plaintiff's remedy, if any, was against the independent contractor. The court rejected those contentions of the city, holding the action to be one brought under the constitutional provision and pointing out that the allegations of negligence were not necessary but were merely descriptive of the manner in which the damage had resulted. "[T]he case as made by the petition is not one involving negligence as a necessary element and the city's liability for the damage or destruction of the plaintiffs' property is not dependent upon the doctrine of respondeat superior. The city's liability is primary and absolute once it is shown that the damage resulted from the doing of work for a public purpose, and is based upon the constitutional guarantee." *City of Atlanta v. Kenny*, 83 Ga. App. 823, 829, supra. It was further held that the fact that the work was accomplished through an independent contractor did not relieve the city.

The contention here that there is no statutory provision for the bringing of the action is without merit. As was pointed out in *Lynch v. Harris County*, 188 Ga. 651, 653 (4 SE2d 573), "[m]ost of the cases where this court has applied the principle recognized by the Code section[1] . . . have been those sounding in tort, or in contract, or quasi-contract." (Footnote added). The action here is brought under the constitutional provision.

The fact that the suit in *Kenny* was brought against a city rather than against a county makes no difference, for "under [the constitutional provision] cities, counties, and all other public organizations . . . are all upon an equal footing, and there is no reason for holding a county exempt from suit for acts done by it for objects within its legal competency, when a city, for like acts done within its legal competency, would not be exempt."

---

[1]*Code* § 23-1502: "A county is not liable to suit for any cause of action unless made so by statute."

*Barfield v. Macon County*, 109 Ga. 386, 387 (34 SE 596). Nor can it make any difference that the contractor was joined in the suit against the city in *Kenny*, while it was not done here. As was said in *Kenny*, "the work *was* being done at the direction of the municipal authorities, and under such circumstances it was not incumbent upon the plaintiffs to show what the relationship between the parties was beyond showing merely that the work was being done under the direction and authority of the city." Here plaintiffs allege that "the State Highway Department of Georgia, jointly and in cooperation with defendant, has constructed or has caused to be constructed a highway" on which "said State Highway Department constructed or caused to be constructed across said Broad Street an overpass" and that their property was "physically damaged during the construction of said highway by heavy pile driving equipment which was used to implant the supporting columns for the elevated highway in that the operation of this pile driving equipment caused strong and constant vibrations which resulted in numerous cracks in the floor, ceilings, etc." These allegations are sufficient to show that the construction was accomplished under the authority and direction of the county and the Highway Department, with the resulting damage.

(d) The damages for depreciation of their property resulting from the physical damage to it are clearly recoverable. Cf. *Savannah Asphalt Co. v. Blackburn*, 96 Ga. App. 113 (99 SE2d 511); Annot., 79 ALR2d 966, § 6, though the elements of inconvenience, etc. resulting from the noises of engines, horn blowing, glare of lights and the like from passing traffic on the highway are not recoverable. *Austin v. Augusta Terminal R. Co.*, 108 Ga. 671 (3), supra; *Tift County v. Smith*, 219 Ga. 68, supra; *Patten v. Mauldin*, 219 Ga. 211 (132 SE2d 664); *Dyer v. City of Atlanta*, 219 Ga. 538 (134 SE2d 585). Allegations as to these should have been stricken on proper demurrer.

The demurrer here, however, was in a "shotgun, scatter bore" form and as we view it amounted to no more than a general demurrer to the petition as a whole. It read: "Defendant demurs generally to said petition, and to each and every paragraph thereof, on the ground that neither the said petition, when taken

as a whole, nor any of its several paragraphs or parts, sets out any cause of action against this defendant for the relief prayed for." As will be observed, it is all in one sentence addressed to and attacking the petition on the ground that it nowhere and in no wise "sets out any cause of action."

"A general demurrer goes to the whole pleading to which it is addressed, and should be overruled if any part thereof is good in substance. The bad part in pleading does not make the whole bad; the good part makes the whole good enough to withstand a general demurrer." (Citations omitted). *Self v. Smith,* 216 Ga. 151 (5) (115 SE2d 355).

While recognition has been made of a general demurrer to a specific paragraph of a petition or pleading, if *all* allegations of the paragraph are bad, *Douglas &c. R. Co. v. Swindle,* 2 Ga. App. 550 (3) (59 SE 600), *Central of Ga. R. Co. v. Clark,* 95 Ga. App. 325, 330 (4) (98 SE2d 85), *Glasser v. Decatur Lmbr. &c. Co.,* 95 Ga. App. 665, 671 (99 SE2d 330), *Ayers v. Young,* 210 Ga. 441, 443 (80 SE2d 801), *Dougherty County v. Hornsby,* 213 Ga. 114 (97 SE2d 300), *Complete Auto Transit, Inc. v. Floyd,* 214 Ga. 232, 234 (104 SE2d 208), *Williams v. Ruben,* 216 Ga. 431 (3) (117 SE2d 456), we have found no case in which a demurrer couched in the language used here has been construed as a general demurrer to each of the separate paragraphs of the petition. However, the ruling here would not preclude the making of a motion to strike paragraph 9 of the petition wherein the allegations of inconvenience, etc. resulting from the noise of trucks and the glare of their headlights is made. See *Ayers v. Young,* 210 Ga. 441, 444, supra, and citations.

*Judgment affirmed. Bell, P. J., and Jordan, J., concur.*