Carswell *vs.* Hartridge.

Mathew J. Carswell, plaintiff in error, *vs.* Algernon. S. Hartidge, defendant in error.

1. A deed to land, made in terms of the statute, by a debtor, with consent of his wife, to secure a debt, vests title in the creditor, and recovery in eject-ment may be had thereon, if the debt has matured and remains unpaid.

2. If, however, the deed be infected with usury, it is void as title, and recov-ery of the land cannot be had upon it against the maker.

3. In pleading usury for the purpose of avoiding the deed, it is unnecessary to set it out with all the particularity required in pleas of usury to actions for money.    In such actions, amounts are material, but in attacking a deed, the bare fact of usury is enough to decide the issue of title.

4. When fraud or duress is relied upon to defeat a deed, the issuable facts constituting such fraud or duress, must be specially set forth in the pleas. In the present case, the facts alleged do not amount to such fraud or duress as will avoid the deed.

Debtor and creditor. Deeds. Ejectment. Usury. Plead-ings. Before Judge Bartlett. Wilkinson Superior Court. April Term, 1875.

Hartridge brought complaint against Carswell for certain lands. The defendant pleaded the general issue and the fol-lowing special pleas:

1st. That he is not in possession of any lands in the county of Wilkinson to which plaintiff has any legal title; that the deed under which plaintiff claims was obtained by fraud and deception, and was given to secure the payment of a supposed indebtedness; that plaintiff procured the deed by representing to defendant that it was not to be an unconditional conveyance, but a mere security for the payment of his indebtedness, and that if such security were given plaintiff would advance money to pay off other debts which had accrued against defendant, which promise has not been fulfilled.

2d. That the consideration of the deed is usurious, as shown in the following statement: $101 34 charged as interest on $18,034 59, from November 4th to December 14th, 1870; $85 94 charged as interest on $14,945 95, from December 14th, 1870, to January 10th, 1871; $493 68 charged as in-terest on a note, dated January 10th, 1871, due 4th Novem-

Carswell *vs.* Hartridge.

ber, 1871, for $7,550 96; $507 95 charged as interest on a note, dated January 10th, 1871, due 13th November, 1871, for $7,550 96; $60 48 on a note given January 10th, 1871, for $800 00, due November 4th, 1871; that the entire usurious consideration amounts to $1,249 37.

3d. That plaintiff, at the time the deed was made, gave defendant his written obligation to reconvey the property when the debt was paid; that about the time the debt fell due, he wrote to defendant for this obligation, which he alleged ought to be in his hands for the protection of both parties; that defendant was induced to send him the obligation, and he has since held possession of it without any surrender or cancellation of defendant's note.

4th. That defendant's wife was induced to sign the deed by a fraudulent representation that it was a mere security, not a conveyance, and that it was not read to her.

By amendment defendant further pleaded that the consent of the wife is absolutely essential to the validity of such a contract as the one stated above, but that her consent was obtained by fraud and duress; that the signatures were neither made nor acknowledged before a justice of the peace; that no judgment was ever obtained on said notes or other evidences of debt, nor was there any lawful levy and sale; that no deed has been filed in the office of the clerk of the superior court in the county where the land is situated; that plaintiff promised that if defendant would procure the signature of his wife, $6,000 00 of his debts to other parties should be paid by plaintiff, and also the premium on a $10,000 00 policy upon defendant's life; that plaintiff paid this premium, but refused to fulfil his other promises.

The plaintiff demurred to all of the aforesaid special pleas. The demurrer was sustained, and defendant excepted.

A verdict was then taken for the plaintiff. Error is assigned upon the above ground of exception.

POE, HALL & LOFTON; J. W. LINDSAY, for plaintiff in error.

F. CHAMBERS, for defendant.

BLECKLEY, Judge.

1. The deed in question was made in pursuance of the statute (Code, section 1969) to secure a debt. By the express declaration of the statute it is not a mortgage, but an absolute conveyance, passing title. The necessary legal consequence is, that a recovery can be had upon it in ejectment, or in statutory complaint for land, so long as the title remains in the creditor and the debt is unpaid, especially, if the debt, as in this case, is overdue. That the next section of the Code gives a remedy for collecting the money by proceeding to judgment, filing a deed, levying upon the land and selling it, does not negative the former remedy. The creditor may either assert his title or part with it to the debtor, at his option. He may possess himself of the land and hold it till he is satisfied, or he may enforce satisfaction in the manner pointed out by section 1970. In this respect, his position is like that of an ordinary vendor of land who retains the title as security, giving a bond to convey on payment of the purchase money.

2. But if the conveyance to the creditor be infected with usury, the question is materially altered. In that event, the deed is void as to title, and the land cannot be recovered upon it from the grantor: Code of 1868, sec. 2025; *Sugart vs. Mays, 54th Georgia Reports,* 554. It may be that a deed not bargained for as a part of the usurious contract, nor then contemplated by the parties, but afterwards executed, in good faith, in final *payment* of the debt, even without purging the latter of usury, would not be void. That need not now be decided. But where the deed is for securing an usurious debt, whether the conveyance be stipulated for at the creation of the debt or not till afterwards, it cannot operate as title, for it becomes a part of an executory scheme for collecting usury. It was not the purpose of the acts embodied in section 1969 of the Code to enable parties to pass absolute title as security for usurious debts. This new legislation did not repeal or

modify the prior law on the subject of usury. A creditor, whose debt is free from usury, may have the high security provided for by section 1969, but no such mighty lever was intended to be put into any creditor's hands to aid in coercing payment of a tainted debt. As an equitable mortgage the deed may possibly have effect, so as to secure principal and lawful interest, but as title it can have no effect at all, any more than it would have had if executed under the prior law and with a like taint. With usury in the debt, a deed made under section 1969 may stand no lower than an absolute deed made under the general law to secure a similar debt, but it can stand no higher.

3. It was not insisted before us that the plea of usury in the deed was unnecessary because the same matter could be given in evidence under the general issue, but that the plea did not set out the usury with the amplification and minuteness required by section 3419 of the Code of 1868. We think this ground of objection untenable, for the section referred to applies to pleas in a different class of actions, those for money, where precise amounts are material. Here the bare fact of usury was sufficient to defeat the deed as title. Taking all the special pleas together as one answer, the defense of usury was sufficiently set out to withstand a general demurrer, and it was error to strike them to the extent of that defense.

4. But the other defenses embraced in the special pleas were not good, as pleaded. In pleading fraud and duress, specific facts must be stated with due certainty, and where the execution of a deed is the result, the facts must be such as will avoid the deed. Ignorance of the defendant and his wife, as to the character and contents of the deed, is not properly accounted for. The deed was before them; why did they not examine it or cause it to be examined? Several of the matters complained of in the pleas are mere breaches of contract on the part of the creditor. What damage resulted from them is not alleged, nor is it shown why any such damage cannot be compensated without divesting the title conveyed by the deed. Are these matters of alleged contract to be en-

grafted upon the conveyance as conditions subsequent? We see no solid merit in any of the stricken defenses except that of usury; and as to it alone, the judgment is reversed and a new trial granted.

Judgment reversed.