Turner *et al.,* executors, *v.* Pearson.

1. Upon the hearing of the motion for a new trial, the court had no authority to consider exceptions *pendente lite* filed by the defendant, assigning as error the striking of certain pleas, there being in the motion no complaint that the court erred in striking the pleas.
2. The only ground of the motion for a new trial being that the verdict was contrary to law and evidence, and it appearing that the evidence demanded the verdict, the court erred in granting a new trial.
3. On consideration of the exceptions *pendente lite* filed by the defendant, upon which error was assigned here, it is ruled that where the defendant gave a promissory note to the plaintiff's testator in his lifetime, and after his death, upon an accounting and settlement between the defendant and the executor, a new note was given in renewal of the former one, the defendant when sued upon the last note could not set up in a plea of payment alleged credits which ought to have been made upon the first note, and of which the defendant necessarily must have had knowledge, the pleas alleging no conduct or representations on the part of the executor, in procuring the new note, amounting to fraud, nor setting up any facts showing that in giving the new note anything was said or done by which the defendant should have been deceived or misled.

January 27, 1894.

Action on note. Before Judge McWhorter. Hancock superior court. February term, 1893.

The opinion states the facts.    The stricken plea therein referred to is as follows:

" The note sued on was given by defendant to plaintiff under the following circumstances, to wit: that about the year 1869 defendant, being indebted to various parties, made application to said Thomas M. Turner, plaintiff's testator, who had previously proposed his assistance, for financial aid to pay off and discharge such indebtedness.    This the said Turner agreed to do, taking as his security therefor a transfer from the creditors of the *fi. fas.* or other evidences of indebtedness against this defendant held by them, and taking also from the defendant his promissory note for the amount represented by him to have been paid for such evidences of indebtedness against this defendant, it being expressly understood and agreed between said testator and this defendant was to remain in possession, control and ownership of the property then owned by him, and to pay off, as he might be able, the indebtedness thus contracted with said testator, said testator entering then and there into a written agreement never to enforce said *fi. fa.* or *fi. fas.* or other evidences of debt against him, but to hold them for his protection.    The only real liability of this defendant not by this agreement cancelled or liquidated was the note given as aforesaid.    Nevertheless and notwithstanding said executions were paid off as aforesaid, and said note given in consideration thereof, said testator caused the lands of this defendant to be levied on and exposed to sale under one or more of said *fi. fas.* which had been issued against the estate of this defendant's father Stephen Pearson, who departed this life about the year 1854, being wholly free from any indebtedness at the time of his death, and purchased said lands taking the sheriff's deed thereto, but having never entered into possession thereof, contracting and agreeing with the defendant that this defendant should con-

tinue to remain in the possession, control and ownership of the same just as though no such ostensible sale had been made, and that the previous agreement made concerning said ownership and possession should remain of force, neither the value of said property nor the amount of said testator's bid being credited on said notes. This defendant sold off various parts of said lands, the proceeds of said sales being paid to said testator, he by consent of parties making deeds or titles to the purchasers thereof, and agreeing to credit said note with the proceeds thereof, which credits, had they been properly made according to agreement, would have more than paid off and discharged said note. And this defendant further says that the note, the foundation of this present suit, would have never been made by him to plaintiff, but for the fraud practiced upon him by DeLamar Turner, who had the custody of the books and papers of said testator, and who represented to him that he had received full credit for the proceeds of sales of all lands sold by him, when in fact said credits had not been given, of which failure to give said credits defendant was ignorant at the time of the execution of said note, and had no means of ascertaining the same, and did not discover the failure of said DeLamar Turner to give such credits, or the falsity of his representations, until after the same was made and executed; and that he would have never made and executed said note if such knowledge had been imparted to him. Wherefore defendant prays that plaintiff be required to make him a good and sufficient title to the lands described in plaintiff's amended petition alleged to have been the consideration of said note, and that defendant have judgment against said plaintiff for whatever amount may be found due to him after a full investigation of said cause, to be levied of the goods and chattels, lands and tenements of the said testator in the hands to be ad-

ministered. Defendant, in support of the allegation of payment, . . . says that in the year 1872 there was paid to T. M. Turner the proceeds of the sale of 564, five hundred and sixty-four acres land sold and conveyed to John M. Garrard, trustee, $3,587, thirty-five hundred and eighty-seven dollars, which amount was to go as a credit on his note then held by him. That one hundred acres more of the land of the respondent was sold to Mack Boyer for the sum of one thousand dollars about the same time. In the year 1877 one hundred and ninety-five acres of his lands was sold to Columbus Boyer for the sum of $1,365, thirteen hundred and sixty-five dollars, also one hundred and twenty-seven acres to A. J. Spratt for the sum of eight hundred and eighty-five $885 dollars, sold in the year 1877 or 1878. Also, one hundred acres sold to ·Mrs. R. M. Johnson for the sum of $700, seven hundred dollars, 367, three hundred and sixty-seven acres to J. M., J. T. and Columbus Boyer for $2,300, twenty-three hundred dollars. Also, about seventy acres to Columbus Boyer for four hundred and ninety dollars. Also, 44, forty-four acres to A. Guill for two hundred and twenty dollars. Also, 37, thirty-seven acres sold to J. M. Lary for the sum of $222, two hundred and twenty-two dollars. Also, 200, two hundred acres land sold of lands of T. J. Pearson, defendant's brother, of which this defendant was to receive a credit of one thousand dollars. Also, $800, eight hundred dollars paid to T. M. Turner by Mrs. Georgia Ann Culver from the sale of her lands; all of which payments aggregate the sum of more than eleven thousand dollars, which sum is in excess of the amounts due; that all of which proceeds from the sale of said lands were paid on this debt and were in the hands of the executor of ————— M. Turner deceased, at the time of the execution of the note sued on, and acknowledge of which was withheld from this defendant."

J. T. Jordan, for plaintiffs.

Reese & Little, for defendant.

Simmons, Justice.

1. The executors of T. M. Turner sued Pearson upon a promissory note dated February 10th, 1886, due January 1st next after date, signed by the defendant and payable to DeLamar Turner, executor. The defendant filed an equitable plea, the allegations of which will be found in the official report. On demurrer this plea was stricken by the court, and the defendant filed exceptions *pendente lite.* The plaintiffs introduced the note in evidence, and closed. The defendant introduced no evidence, and the jury returned a verdict for the plaintiffs. The defendant moved for a new trial upon the ground that the verdict was contrary to law and evidence, and a new trial was granted. The plaintiffs thereupon filed their bill of exceptions, in which they alleged, among other things, that the court erred in considering, on the hearing of the motion for a new trial, the exceptions *pendente lite,* they not being incorporated in or made a part of the motion. In this the court erred. The court had no authority to grant a motion for a new trial upon any other grounds than those set out in the motion. *Shipley* v. *Eiswald,* 54 *Ga.* 520.

2. The only evidence before the jury being the note sued on, the evidence demanded the verdict; and the only ground of the motion for a new trial being that the verdict was contrary to law and evidence, the court erred in setting the verdict aside and granting a new trial.

3. The exceptions *pendente lite* having been sent up in the record, properly certified, this court, on the application of counsel for the defendant in error, granted him leave to assign error thereon. Upon consideration of the error assigned, we are of opinion that the court below was right in the ruling complained of. Where a

debtor by promissory note and his creditor meet and have an accounting and settlement, and the debtor gives a new note for the balance due, in renewal of the old note, we do not think the debtor, when sued thereon, can, without alleging fraud or mistake, set up in a plea of payment alleged credits which ought to have been made upon the first note. If the defendant made the payments to the testator, as alleged, he ought to have known, when the accounting and settlement with the executor was had, whether these payments had been credited or not; he ought really to have known more about this than the executor did, and he cannot be allowed, after renewing his note to the executor, to say that certain credits for payments made to the testator should be allowed him now, unless he alleges some conduct or representations on the part of the executor, in procuring the new note, amounting to fraud, or that something was said or done by the executor by which he (the defendant) was deceived or misled. There being no such allegation in the plea in question, it was properly stricken.

*Judgment reversed. Judgment on the exceptions pendente lite affirmed.*