WILDER, by next friend, *v.* MILLER.

ATKINSON, J. 1. In a suit for personal injuries, under the rulings of this court in the cases of *Evans* v. *Josephine Mills,* 119 *Ga.* 448, and *Crown Cotton Mills* v. *McNally,* 127 *Ga.* 404, the fellow-servant rule applies to a youth 17 years of age, of ordinary intelligence, injured while engaged in the operation of a dangerous machine.

2. If the machinery employed by the master is dangerous because of some deficiency which is known to the servant, who, with such knowledge, voluntarily operates the machine, he will not be entitled to recover for the injury received therefrom simply because the master had not used the most improved machinery. See, in this connection, *Schnibbe* v. *Central R. Co.* 85 *Ga.* 592; *Middle Georgia Ry. Co.* v. *Barnett,* 104 *Ga.* 582.

3. In a suit by the father of the youth as next friend, an allegation to the effect that, when the youth was employed, the father directed the defendant not to require the youth to work in the machine shop, but

to employ him only in the paint shop, will not aid the plaintiff's declaration, upon general demurrer, where the injury complained of is the result of the negligence of the fellow-servant.

4. The petition alleges such facts as show that the proximate cause of the injury complained of was the negligence of the fellow-servant. A recovery could not be sustained, and there was no error in dismissing the petition upon demurrer. See, in this connection, *Turner* v. *Seville Gin Co.*, 127 *Ga.* 555.

*Judgment affirmed. Fish, C. J., absent. The other Justices concur.*

Argued March 13,—Decided April 12, 1907.

Action for damages.    Before Judge Felton.    Houston superior court.    April 4, 1906.

Moore, a minor, by his father as next friend, sued for damages on account of personal injuries. The petition, as amended, alleged, in brief, that the plaintiff was engaged to work in the defendant's manufacturing plant as a painter, and that while so employed the foreman of the defendant's machine-shop directed him to leave the paint-room and go to the machine-shop, and directed him to smooth or edge gin-brush sticks on a machine known as a buzz-planer, and told him how to hold the sticks upon the machine, but failed to instruct him as to the danger of the machine, though the foreman knew that he was a mere boy without experience and unskilled in the operation of machinery. The machine consisted of a revolving drum on which were steel blades; and in order to edge the sticks, he had to place the end of the stick on a table through which the drum revolved, and against a guide-board, and hold it down against the table and the blades or bits of the planer, with the fingers of one hand, and push the stick along over the bits with the other hand; and it was necessary to press with considerable force upon the stick; and if it should be suddenly removed from under the fingers while being thus pressed, the fingers would necessarily be shoved into the bits and severed. When he had started one end of a stick over the planer, a negro employed by the defendant passed back of him, with a wheelbarrow, and struck the other end of the stick, which projected two or three feet beyond the end of the table; and this caused the plaintiff's hand to fly off the stick and into the bits of the machine, which severed four of his fingers. He sustained this injury without fault on his own part, but it was caused by the negligence of the defendant and the defendant's agents and serv-

ants.  The use of the machine as constructed, and for the purpose stated, was negligence on the part of the defendant, in that the planer was placed so near the end of the table that the sticks to be planed necessarily projected beyond the table and behind the operator, where they were exposed to contact with persons and things moving behind him and unseen by him.  The machine was old and known by experienced machinists to be unnecessarily dangerous, in that it should have been provided with an adjustable compress roller above the bits, to hold the sticks against the cutting force of the bits, instead of requiring the operator to hold the sticks down with the fingers.  The defendant was negligent in allowing the negro with the wheelbarrow, or other person, to pass behind the plaintiff, in reach of the sticks, while the plaintiff was operating the machine; and it was gross negligence on the part of the defendant and his agent, the foreman, to require the plaintiff, a boy inexperienced in the use of dangerous machines, to operate this machine, and especially without giving him full information as to the danger of the machine and the way in which he might be hurt.  The plaintiff was then only seventeen years of age.  He was hired to work in the paint-shop, and his father instructed the foreman of the paint-room, under whom he was working, not to allow him to do any work in the machine-shop, and not to allow him to work with any machine whatever, and instructed the defendant, when he was not needed to paint, to send him home to go to school; and the defendant, in violation of these instructions, permitted him to be placed at work in the machine-shop as alleged. The machine at which the plaintiff was injured was far more dangerous than other machines in general use at that time for doing the same work; and the defendant had then in use another machine suited for doing such work and in the operation of which there was no danger, and he was negligent in placing the plaintiff to work upon the dangerous machine instead of on the safe machine.

The defendant demurred, on the grounds, that the petition did not set out a cause of action; that it showed that the injury was caused by the negligence of a fellow-servant of the plaintiff, and not from any act of the defendant's superintendent or overseer; that the plaintiff, being above fourteen years of age, was conclusively presumed by law to be of such age of discretion as would prevent

a recovery on account of injury to him from the negligence of a fellow-servant; and that so far as it was alleged that the machine was not safe, the defects, if there were any, were patent and could have been seen by any person working with it. The defendant demurred specially to certain paragraphs of the petition. The court sustained the demurrer generally and dismissed the petition. The plaintiff excepted.

*Hardeman & Moore,* for plaintiff.

*Mathews & Riley,* for defendant.