### 13219.  BLALOCK *v.* BARRETT.

So far as duress and want of consideration were set up as defenses, the plea was insufficient, but that part of it which alleged that the notes sued on were founded upon an illegal consideration, in that they were given in a transaction involving the sale of cotton futures, was good as against a general demurrer, and the court erred in striking the entire plea on oral motion. The judge of the superior court erred in overruling the certiorari.

DECIDED APRIL 11, 1922.

Certiorari; from Fulton superior court — Judge Pendleton. October 3, 1921.

Barrett sued Blalock in the municipal court of Atlanta upon a series of promissory notes. Blalock in his plea admitted the execution of the notes, but set up the following three defenses to the suit: (1) that he executed the notes under duress; (2) that "the said notes are without consideration of any sort whatsoever to this defendant;" and (3) that if the notes had any consideration it was an illegal one based upon the sale of cotton futures. Upon oral motion of the plaintiff the entire plea was stricken, and a verdict for the plaintiff was directed. Certiorari was sued out, the certiorari was overruled, and the defendant brought the case to this court.

*Bryan & Middlebrooks, Chauncey Middlebrooks,* for plaintiff in error.

*Napier, Wright & Wood, A. W. Long,* contra.

BROYLES, C. J. (After stating the foregoing facts). It is well-settled that where duress is pleaded as a defense to an action on a contract, facts sufficient to show duress in law must be set forth in the plea, and that mere empty threats do not amount to duress. *Bond* v. *Kidd,* 1 *Ga. App.* 801 (57 S. E. 944); *Bond* v. *Kidd,* 122 *Ga.* 812 (50 S. E. 934); *Carswell* v. *Hartridge,* 55 *Ga.* 412. The threat must be sufficient in severity to cause such apprehension as to overcome the mind and will of a person of ordinary firmness. United States v. Huckabee, 16 Wallace, 414 (21 L. ed. 457). And it must appear that the person uttering the threat had the power to make it effective. Wilkerson v. Hood, 65 Mo. App. 491; Horton v. Bloedorn, 37 Neb. 666 (56 N. W. 321); Wilkerson v. Bishop, 7 Coldw. (Tenn.) 25. And a threat for which there is no ground does not constitute duress, as the person

threatened, if of ordinary intelligence and firmness, could not be put in fear thereby. Knapp v. Hyde, 6 Barb. (N. Y.) 80; Preston v. Boston, 12 Pick. (Mass.) 12. In the instant case the defendant's plea of duress was as follows: " This defendant avers that when the said notes were signed this defendant was a telegraph operator in the employ of S. C. Baker, manager for Robert Moore & Company, that the said S. C. Baker was handling future cotton contracts, and that the said Dennis Barrett had been dealing with S. C. Baker and Robert Moore & Company in cotton futures; that the said Dennis Barrett, on or about July 20, 1912, came into the office of S. C. Baker, but S. C. Baker was not there, and the plaintiff then requested this defendant to ask S. C. Baker to place an order for cotton futures for the plaintiff. And after plaintiff's order was given by defendant to said S. C. Baker, the market-price of cotton dropped and said order for cotton futures occasioned plaintiff a financial loss to the amount of said notes. And defendant charges that plaintiff then came to defendant and denied that he (plaintiff) had instructed defendant to place said order for cotton futures, and threatened to report said conduct of defendant to said S. C. Baker if he did not sign the notes set out in plaintiff's petition, for the purpose of reimbursing plaintiff for his loss in said fall in market for cotton futures, and threatened to cause this defendant's discharge from the employment of S. C. Baker unless the defendant would sign the notes referred to in plaintiff's petition. This defendant did, and he executed the said notes under threats and duress on the part of the plaintiff."

It appears from this plea that the alleged duress consisted of Barrett's threat to report Blalock to his employer and to cause him to be discharged from his position. It is not, however, alleged in the plea that Barrett could have made this threat effective or even that Blalock feared that Barrett could or would cause him to lose his position. Under the authorities cited above we think that the plea failed to set forth facts showing duress in law, and that it was not error to strike this portion of the plea, on oral motion of the plaintiff.

We think also that the portion of the plea alleging that the notes sued upon " are without consideration of any sort whatsoever to this defendant " was insufficient in law and was properly

stricken on oral motion. A note is not necessarily without any consideration because no benefit flows to the maker thereof.

It is our opinion, however, that the portion of the plea which alleged that the notes sued upon were founded upon an illegal consideration, in that they were given in a transaction involving the sale of cotton futures, was sufficient to withstand an oral motion to strike, and, therefore, that the trial judge erred in striking the entire plea, and that the judge of the superior court erred in overruling the certiorari. Where any part of a plea is good, it is error to strike the entire plea, upon oral motion. See, in this connection, *Hudson* v. *Hudson,* 119 *Ga.* 637 (1) (46 S. E. 874).

*Judgment reversed. Luke and Bloodworth, JJ., concur.*