37140. COE *v.* HEWETT *et al.*

DECIDED MAY 14, 1958.

626

*Ralph M. Holleman, E. G. Kimsey, Jr.,* for plaintiff in error.
*Ray & Owens, Joseph S. Ray, J. Walter Owens,* contra.

QUILLIAN, Judge. ■ This being an action based on the alleged failure of the defendant to provide a safe place for the plaintiff to work, it is essential that the petition show that the alleged defect in the machine was the proximate cause of the injury. *Vinson v. Willingham Cotton Mills,* 2 *Ga. App.* 53 (4) (58 S. E. 413). The petition alleged that as a result of the machine being defective it became "clogged, stopped up and congested" and was smoking; the plaintiff attempted to lift the "feeding platform" with an improvised handle and in doing so his right hand was struck by one of the saws in the machine. While the petition does allege that the machine clogged and stopped up due to its being defective, there is no allegation that the plaintiff received his injury as a result of this defect. There being no allegation showing that the proximate cause of the plaintiff's injury was the defect in the machine, the petition failed to set forth a cause of action.

■ The petition is fatally defective for the further reason that the defective condition was obvious to the plaintiff at the time the injury occurred. *Middle Ga. & Atlantic Ry. Co. v. Barnett,* 104 *Ga.* 582 (2) (30 S. E. 771). It is well settled that no recovery can be had for defects of which an employee has knowledge, and he must exercise ordinary care in detecting such defects. "As a limitation upon the right of an employee to recover for injuries resulting from defective machinery, appliances, or working grounds or places it is well settled that no recovery can be had for defects of which such employee has knowledge, and that he must exercise ordinary care and caution in detecting such defects; and hence the establishment of the rule that the servant not only assumes all risks ordinarily incident to the business in which he is engaged, but also all other open and visible risks, whether usually incident to the business or not. The servant is bound to see patent and obvious defects in appliances furnished him, and dangerous conditions of the premises upon which he is to work, which are open and visible. He must himself assume the risks and hazards which are open to observation, and is bound, to a certain extent at least, to exercise his own skill and judgment in discovering defects not concealed and in preventing injuries which may arise therefrom; he cannot blindly

rely upon the care and skill of his master. The servant is presumed to know of defects which are obvious, and is chargeable with knowledge of such defects; and this knowledge may be inferred from evidence of his familiarity with the working place or grounds upon which he is required to work." *Walker* v. *Atlanta & West Point R. Co.*, 103 *Ga.* 820, 822 (30 S. E. 503).

In the present case when the machine stopped up and began smoking the plaintiff knew it was not operating properly, and he was at that time put on notice of its defective condition. If he had been injured at that instant there would be a different question, but here after knowledge of its defective condition he continued to operate the machine and for that reason the petition failed to set forth a cause of action. *Wilder* v. *Miller*, 128 *Ga.* 139 (2) (57 S. E. 309).

*Judgment affirmed. Felton, C. J., and Nichols, J., concur.*