### 20974. WILLIAMS v. RUBEN.

MOBLEY, Justice. The exceptions are to the sustaining of general and special demurrers to counts 1 and 2 of the petition of Nathan Williams against Paul Ruben, in the Superior Court of Richmond County. Count 1 alleges a course of dealing between the plaintiff and the defendant, beginning on February 25, 1954, when the plaintiff executed a promissory note for $29,000 payable to the defendant, and a deed to secure debt to secure said note; the giving of additional promissory notes and deeds to secure debt during the following five years; and various payments on the different notes during that period; and finally alleging that a few days prior to January 6, 1959, the defendant represented to the plaintiff that he owed him $8,484.03 as a balance due on all of the loans made by the defendant to the plaintiff, beginning with the $29,000 given February 25, 1954; that the defendant threatened to foreclose on the property of the plaintiff unless this amount was paid, and that, under threats, duress, coercion and pressure, the plaintiff executed a promissory note in the amount of $8,484.03 and a deed to secure debt to secure same; that the plaintiff believes there was no consideration for the note, as the plaintiff had already at that time overpaid the defendant; that the defendant told him on January 6, 1959, that the execution of the note on that date was a consolidation of all moneys, claims, and demands of every nature owed by the plaintiff to the defendant at that time, and that he would cancel and deliver up all notes and deeds to secure debt given by the plaintiff to the defendant during their course of dealing. The prayers of the petition were for an order restraining the defendant from transferring any of the notes and deeds to secure debt, from foreclosing any of the deeds to secure debt given by the defendant to him, for the appointment of an auditor, for an accounting, for discovery, and for cancellation of all notes and deeds to secure debt set out in the petition. *Held:*

1. ". . . A petition (or any other pleading) may be defective and bad not only where it fails to state some of the necessary elements of a cause of action as determined by the substantive law, but also where it states positive matter, the legal effect of which is to nullify the cause of action otherwise good." Georgia Procedure and Practice (1957 ed.) p. 202, § 9-4, citing *Wilder v. Miller,* 128 Ga. 139 (57 S. E. 309). In the absence of an allegation of fraud or deceit on the part of the defendant, allegations of facts showing that the January 6, 1959, note was given in accord and satisfaction of the previous debts will defeat the plaintiff's prayers for any of the relief sought. See *Turner v. Pearson,* 93 Ga. 515 (3) (21 S. E. 104). The plaintiff alleges that he was forced through duress and threats to give the note, but he does not allege any facts showing duress. The allegation that the defendant threatened to foreclose on his property if he did not give the note would not constitute duress. Threatened civil action does not constitute duress. *Bond v. Kidd,* 122 Ga. 812, 813 (50 S. E. 934). See also *Carswell v. Hartridge,* 55 Ga. 412, and *Blalock v. Barrett,* 28 Ga. App. 444 (111 S. E. 697). The trial court properly sustained the general demurrer to count 1 of the petition.

2. The allegations as to accord and satisfaction which defeated the prayer for an accounting in count 1 will not avail to the benefit of the defendant in count 2. In count 2, the plaintiff incorporated the allegations and prayers of count 1. In addition thereto, he alleged that he had made usurious payments to the defendant and prayed that the amount of usury paid be recovered. There can be no accord and satisfaction as to usury unless there was a distinct reference to the illegality of the contract at the time of compromise and settlement. *Parker v. Fulton Loan & Bldg. Assn.,* 46 Ga. 166, 167 (4). See also *Winecoff v. Atlanta Title &c. Co.,* 184 Ga. 488 (192 S. E. 29). Here, it was not alleged in the petition that usury was mentioned at the time of the execution of the January 6, 1959, note.

3. Even though there was no general demurrer denominated as such to count 2, paragraph 8 of the demurrers challenges paragraphs 3, 5, 6 and 7 of count 2 on the ground that they fail to allege either the rate of interest charged or sufficient facts from which to compute the rate of interest. This demurrer concerns the very essence of a cause of action for usury and

must be treated as a general demurrer. "That a demurrer is addressed to a special paragraph of a petition instead of to the petition as a whole does not of itself change it from a general to a special demurrer. The same characteristics which obtain as to the term 'general demurrer,' when applied to the petition as a whole, still pervade it when addressed to a particular paragraph. And the legal result is the same." *Douglas, Augusta & Gulf. Ry. Co. v. Swindle*, 2 Ga. App. 550, 555 (59 S. E. 600). This ruling was followed in *Ayers v. Young*, 210 Ga. 441, 443 (80 S. E. 2d 801), and *Complete Auto Transit v. Floyd*, 214 Ga. 232 (104 S. E. 2d 208).

4. "The plea of usury must set forth the sum upon which it was paid or to be paid, the time when the contract was made, when payable, and the amount of usury agreed upon, taken, or reserved." Code § 81-901. From the various transactions alleged to have taken place between the plaintiff and the defendant from February 25, 1954, to January 6, 1959, the petition alleges the conclusion that the defendant demands of the plaintiff the sum of $75,006.12 on loans totaling $35,184.79, on which the plaintiff has paid $66,521.33. This conclusion definitely alleges that usurious interest has been collected. However, the various transactions alleged upon which the conclusion is based wholly fail to meet the requirements of Code § 81-901. Nor does the petition furnish a factual basis upon which the court and jury could by calculation determine whether the amount taken or charged as interest is greater than is lawful, as was true in *First Fed. S. & L. Assn. v. Norwood Realty Co.*, 212 Ga. 524, 531 (3) (93 S. E. 2d 763). It is impossible to determine from the petition as to any note, much less all of them, the amount of interest charged on said note, for the rate of interest, the maturity date, the length of time the note ran, and what payments were made are not alleged. Furthermore, the allegations generally are based on what the plaintiff "verily believes" or on the best of his knowledge and belief. Since the second count fails to properly allege usury, it fails to state a cause of action for any of the relief sought for the same reasons set forth as to count 1, since counts 1 and 2 are the same with the exception of the allegations of usury contained in count 2.

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 12, 1960—DECIDED NOVEMBER 10, 1960.

434

*Claud R. Caldwell*, for plaintiff in error.

*Hull, Willingham, Towill & Norman, Walter A. Reiser, Jr.,* contra.