*Rich & Rawls, Pope & Bennet,* for plaintiff in error.

*W. L. Bryan,* contra.

---

14157.  NATIONAL GROCERY CO. *v.* GEE GO WONDER SOAP CO.

STEPHENS, J. 1. In a suit to recover the contract price of goods alleged to have been sold and delivered to the defendant under the terms of an alleged written contract which is defective in that it fails to contain such an accurate and definite description as will suffice to identify the goods sold, the delivery and the receipt of the particular goods sued for render an accurate description of the goods in the contract immaterial

The petition containing such allegations sets out a cause of action; and since it is alleged that the contract has been fully performed by the plaintiff the contract is not within the statute of frauds. The trial judge therefore did not err in overruling the demurrers to the petition.

2. A plea, although sworn to, which denies an allegation of the petition that the goods were delivered to the defendant " by virtue of a written order, a copy of which is hereto attached," is not a plea of non est factum. See, in this connection, *Crockett* v. *Garrard*, 4 *Ga. App.* 360 (61 S. E. 552). It may intend to deny only the correctness of the copy attached, or the delivery of the goods.

3. That paragraph in the defendant's plea which alleges that the goods were " delivered to the defendant under the following contract and agreement " (reciting the terms) does not amount to a denial of the existence of the alleged contract sued on, and does not allege an agreement by way of variance from, or alteration of, the terms of the alleged contract, but alleges only that the goods delivered to the defendant were not delivered by the plaintiff in compliance with the plaintiff's obligations under the contract sued on, but were delivered by the plaintiff in compliance with the plaintiff's obligations under another and different contract, such as that alleged in the defendant's plea.

4. The contract alleged in the plea as the one under which the goods were delivered to the defendant, being such a contract as under the statute of. frauds is required to be in writing, was presumably in writing, in the absence of any allegation to the effect that it was in parol.

5. The judge of the municipal court therefore erred in striking the defendant's plea in so far as it set up the defense above indicated, and the final judgment thereafter rendered for the plaintiff was error. The judge of the superior court therefore erred in overruling the defendant's certiorari.

    *Judgment reversed. Jenkins, P. J., and Bell, J., concur.*
    DECIDED SEPTEMBER 22, 1923.

Certiorari; from Fulton superior court — Judge Ellis. November 2, 1922.

*Lowndes Calhoun,* for plaintiff in error.
*Little, Powell, Smith & Goldstein,* contra.