34437. WOLF *v.* ARANT.

DECIDED JULY 14, 1953.

*Jack B. Smith, Ginsberg & Rose,* for plaintiff in error.
*White, Douglas & Arnold,* contra.

WORRILL, J. The sole question before this court in this case is whether the petition of the plaintiff as finally amended stated a cause of action as against the general demurrers interposed by the defendant. The petition thus under consideration alleged: that the plaintiff and the defendant were each owners of shares of common stock in a Georgia corporation organized for the purpose of engaging in the sale of cameras, photographic equipment and supplies and related products imported from Czech-

oslovakia; that the defendant owned 3125 shares of the 6000 shares of such stock that were then outstanding, and the plaintiff owned 200 of such shares; that due to strained relations between the United States and Czechoslovakia it became impossible to obtain by importation the various articles which the company was organized to sell, and the question then arose among the stockholders whether the company should seek another source of supply or terminate its business operations, and distribute its remaining assets among its various stockholders; that the defendant approached the plaintiff and made the following proposition; that, if the plaintiff would give to the defendant a proxy to vote the plaintiff's 200 shares of stock at the forthcoming annual stockholders' meeting in favor of dissolution of the corporation, and if at such meeting the stockholders voted for dissolution, the defendant would personally sell the cameras, photographic equipment and supplies and other such products distributed to the plaintiff as his share of the assets, and would pay the plaintiff out of his funds the amount, if any, by which the amount paid by the plaintiff for his 200 shares of capital stock of the corporation ($5,000) exceeded the price brought by the sale of the plaintiff's share of the assets plus the cash distributed to the plaintiff; that the plaintiff assented to the proposition of the defendant, gave to the defendant the requested proxy, was personally present at the meeting of the stockholders, and voted his stock in favor of the dissolution of the business, in accordance with the defendant's wishes and proposition; that dissolution in accordance with those terms was voted by the stockholders, and the plaintiff received as his share of the assets of the corporation $400 in cash and certain items of merchandise which were listed in an exhibit to the petition; that he has called upon the defendant to perform his part of the agreement, but the defendant has failed and refused to do so, and the plaintiff sold certain pieces of the merchandise so received by him and listed as an exhibit attached to the petition for a total price of $1,486.96, which together with the $400 in cash received by the plaintiff in the distribution of the assets of the corporation totals $1,886.96; that the plaintiff has not been able to sell the remaining items of merchandise so received by him, and he alleges that the same have no market value; that the defendant was ex-

perienced in the sale of cameras and merchandise of the nature received by the stockholders in the distribution of the assets of the corporation, and the plaintiff was not so experienced in the sale of such merchandise, a fact well known to the defendant; and that, by reason of the defendant's failure to perform his agreement, the plaintiff has suffered damage equal to the difference in the cash received by the plaintiff as set forth in the petition and the amount he paid for said stock, to wit, $3,113.04. The prayer was for a judgment in that amount.

The defendant demurred generally on several grounds to the petition as finally amended, and the exception here is to the order of the judge of the superior court overruling that demurrer. While only one of the contentions of the defendant with respect to the general demurrer is argued before this court, the brief of counsel for the plaintiff in error contains a general insistence upon all of the grounds of demurrer, and we will therefore consider the same to the extent necessary to answer the contentions raised by the demurrers.

While the general rule is that a petition should be construed most strongly against the plaintiff and, if under any view of the same the plaintiff is not entitled to recover, a general demurrer should be sustained (see numerous cases to this effect cited in Code, Ann., § 81-101, catchwords "Ambiguous pleadings"), such rule has no application, however, to pleadings which are not ambiguous and which leave no room for construction. While we have merely summarized the material allegations in the statement of facts, it is nevertheless clear that the plaintiff is suing the defendant for a simple breach of contract in the defendant's failure to perform a promise alleged to have been made by him in return for the plaintiff's promise that his stock would be voted in favor of dissolution of the corporation and distribution of the assets thereof in kind to the stockholders. The contract sued on was not, therefore, wanting in mutuality as contended by the plaintiff in error. The allegations of the petition show that the plaintiff in performing his part of the alleged agreement gave up valuable rights, such as the right to exert his influence and voting privilege at the stockholders' meeting to secure a different mode of settling the corporation's affairs. Under the foregoing rulings, grounds (a), (g), (h), and (j) of the

general demurrer were without merit and were properly over-ruled.

Ground (b) of the general demurrer is as follows: "That it appears by said petition that neither the promise or contract, which is alleged by the said petition, was ever reduced into writing or signed by this defendant, or any person authorized thereunto, within the meaning of the statute for the prevention of frauds, as codified in paragraphs 20-401 et seq. of the Code of Georgia." This ground of demurrer is without merit, in that it is incomplete and does not specify under which provision of the statute of frauds it is contended that the agreement or contract involved in this case is required to be in writing. *Douglas, Augusta &c. Ry. Co.* v. *Swindle,* 2 *Ga. App.* 550, 556 (59 S. E. 600); *Dunn* v. *Freeman,* 24 *Ga. App.* 504 (5) (101 S. E. 393); *Central of Ga. Ry. Co.* v. *Sharpe,* 83 *Ga. App.* 12, 22 (3) (62 S. E. 2d 427); *Veal* v. *Beall,* 189 *Ga.* 31 (2), 34 (5 S. E. 2d 5); *Bowen* v. *Samuels,* 204 *Ga.* 718 (2), 720 (51 S. E. 2d 667).

The alleged contract was not, as contended in ground (c) of the general demurrer, vague, indefinite, and uncertain as to the obligation of the defendant because of the failure to provide for a definite amount due the plaintiff or for a time for the defendant to perform. There is a general proposition that that is certain which may be made certain. With respect to contracts, a contract calling for the payment of a sum of money or performance of an indefinite amount of service is sufficient where the key for the determination of the sum to be paid or the service to be rendered is contained in the contract. *Cohn & Co.* v. *Brown,* 7 *Ga. App.* 395 (1) (66 S. E. 1038); *Anderson, Clayton & Co.* v. *Mangham,* 32 *Ga. App.* 152 (123 S. E. 159). If no time is specified for performance, performance is due immediately or within a reasonable time after the contract is made. What is a reasonable time is for the jury. Where no definite time is stated for the performance of a contract, the presumption is that the parties intended that performance would be had within a reasonable time. What is a reasonable time is a question of fact in each case, to be decided by the jury. Restatement of the Law, Contracts, § 32, illustration 4. That the petition does not set forth the legal and proper measure of damages, is likewise no sufficient ground for sustaining the general demurrer. This is

a question that should properly be raised by special demurrer. *Smith* v. *Floyd County*, 36 *Ga. App.* 554 (3) (137 S. E. 646).

Grounds (e) and (f) of the general demurrer attack the contract sued on as being in violation of public policy, illegal and void. One of the contentions made in this connection is that the giving of a proxy was not permitted at common law and that, unless such a rule has been abrogated by express provision of statute, it is still of force in this State; that, while Code (Ann. Supp.) § 22-1863 provides for the giving of proxies by stockholders of Georgia corporations, it does not contain any provision that proxies may be sold, and that such law, being in derogation of the common law, must be strictly construed and applied. In the view we take of this case, this argument is irrelevant in that no question of the giving or selling of a proxy is involved under the allegations of fact contained in the petition. Under the very argument advanced by the plaintiff in error, it is apparent that, if the plaintiff gave to the defendant any proxy in return for the defendant's promise, the subsequent action of the plaintiff in appearing at the stockholders' meeting in person and voting, nullified the effects of the giving of the proxy, and that this fact has nothing whatever to do with the case as made by the petition. We treat the allegations respecting the giving of the proxy as mere surplusage. Under the allegations of the petition, the sole consideration for the defendant's promise to sell the merchandise distributed to the plaintiff and to pay to the plaintiff out of his own funds the difference between the price brought by the sale of such merchandise and the cost of the plaintiff's 200 shares of the stock in the corporation was the plaintiff's promise that his shares of stock would be voted in accordance with the proposal supported by the defendant. The giving to the defendant of the proxy was merely an instrument to effectuate the ends sought by the defendant and was merely incidental to the real agreement entered into between the parties.

The plaintiff in error cites and relies on the statement contained in section 2066 of Fletcher Cyclopedia Corporations, Vol. 5, as follows: "It may be laid down as an undoubted general principle that any contract on the part of a stockholder or stockholders of a corporation, or between stockholders, to vote their shares in a particular way, or not to vote in a particular way,

is illegal and void if the agreement contemplates a fraud upon other stockholders or upon the creditors of the corporation, or, what amounts to the same thing, where its object is not the benefit of all the stockholders equally but rather to obtain some unfair advantage to the parties to it, or where its purpose is to accomplish a purpose forbidden by law.

"Each shareholder in the corporation has a right to rely upon the judgment of all the other shareholders in the election of directors or officers, and any agreement which puts it out of the power of a stockholder to exercise such discretion fairly is contrary to public policy, and each stockholder has the right to demand that every other stockholder, if he desires to do so, shall have the right to exercise at each annual meeting his own judgment as to the best interest of all the stockholders, untrammeled by dictation and unfettered by the obligation of any contract. So any agreement by a stockholder to sell his vote or to vote in a certain way, for a consideration personal to himself is contrary to public policy and void. The same is true of any agreement among the majority or less stock whereby they undertake to secure the election or appointment of some of themselves or their choice to offices and profits discriminatively favorable to them and unfair to others in the corporation."

The plaintiff in error also cites in support of this proposition *English* v. *Rosenkrantz*, 152 *Ga.* 726 (111 S. E. 198). That case is distinguishable from the case at bar in that the agreement there involved was one for long-time control of the corporation, whereas here the agreement was entered into for one purpose only. A definite element of the rule enunciated in that case is the length of time that the questioned agreement is to be operative. Furthermore, none of the allegations of the petition in this case authorize the inference that there was any purpose or intention on the part of the parties to this agreement to defraud the other stockholders or the corporation or to take an unfair and discriminating advantage of the others.

The better rule, and the one applicable to this case, is set forth in Fletcher, Cyclopedia Corporations, Vol. 5, § 2064, as follows: "It is not in violation of any rule or principle of law nor contrary to public policy for stockholders who own a majority of the stock of a corporation to cause its affairs to be managed

in such way as they may think best calculated to further the ends of the corporation, and it is not against public policy or un-unlawful per se for stockholders to agree or combine for the election of directors or other officers, so as to secure or retain control of the corporation, at least where the object is to carry out a particular policy with a view to promote the best interests of all of the stockholders, and the agreement is fair to all the stockholders alike, and to the corporation. It is 'the general inherent right, resulting from the ownership of stock in a corporation, to exercise the elective power such ownership confers, and to exercise it wisely or unwisely, alone, or pursuant to an agreement with other stockholders.' . .

"Hostility towards such agreements and combinations seems to be lessening, or perhaps is becoming more discriminating between good and bad ends. Such agreements are distinct from voting trusts, and are not controlled by the same principles. The stockholders necessarily combine in the majority which passes the vote, whether they do so by previous agreement or not; and doing it by previous agreement is not of itself invalid.

"According to the weight of authority, the validity and legality of such combinations and agreements depend rather upon the objects thereby sought to be attained and the acts which are done under them, and the other circumstances, and an agreement may be a valid control agreement but invalid because of some other cause or effect."

These statements are supported by ample and respectable authority, and authorize the ruling here made. The judge of the superior court did not err in overruling grounds (e) and (f) and each and every ground of the general demurrer and in refusing to dismiss the petition.

*Judgment affirmed. Sutton, C. J., and Felton, J., concur.*