37437.   SELF *et al. v.* SMITH.

DECIDED JANUARY 8, 1959—REHEARING DENIED JANUARY 26, 1959.

Reeves & Collier, Rex T. Reeves, Merrell Collier, for plaintiffs in error.

Buchanan, Edenfield & Sizemore, Newell Edenfield, William H. Major, contra.

TOWNSEND, Judge. ■ It is contended that Atlanta-Asheville Motor Express, Inc., and Carmarata, both of whom were parties to the contract, as well as certain third parties named therein, are necessary parties to this action. The only relief sought by the plaintiff is a money judgment against the two defendants Self and Brock, since the other stockholder, Carmarata, was specifically exempted by the contract from any liability to the plaintiff over and above such credits as should accrue to him through the liquidation of the business. Atlanta-Asheville Motor Express, Inc., was the subject matter upon which the contract operated, and was a necessary party to the contract because of

the transfer of its assets to the stockholders as therein set forth, but beyond that its interest is not affected one way or the other by this action. The third parties were others having contracts or options with the corporation. The petition alleges that "except for the items of reimbursement herein sued for, the contracts have been fully executed between the parties, the debts all paid, the option exercised by plaintiff, and the business sold to third parties." The rule for joinder of parties defendant is that all should be sued in the same action who are joint contractors (*Dickenson* v. *Hawes,* 32 *Ga. App.* 173, 122 S. E. 811); who are jointly liable (*Wall* v. *Wall,* 176 *Ga.* 757, 168 S .E. 893), or who are directly interested in the event of the suit (*Bond* v. *Hunt,* 135 *Ga.* 733, 70 S. E. 572). The liability of these defendants sought to be established in this action is not joint with that of the other parties to the contract, and is joint and several as to the defendants themselves under the express terms thereof. Whether other persons would have been proper parties, or whether, if in fact any judgment in this action might affect their rights, they would be allowed to intervene for their own protection, is not a question presented here. The *contract* involves all the parties thereto, the *promise* involves only these defendants. There is accordingly no such community of interest as would compel the plaintiff to join in the action a number of unnecessary defendants against whom he seeks no relief whatever. This ground of demurrer is without merit.

■ ■ Other grounds of demurrer attack the contract generally as being against public policy, and as being too vague and indefinite for enforcement. The contract placed in the hands of the plaintiff complete control of the corporate affairs during the liquidation process, including hiring and firing, for which reason it is contended that it is subject to the same defect as in the cases of *English* v. *Rosenkrantz,* 152 *Ga.* 726 (111 S. E. 198), and *Morel* v. *Hoge,* 130 *Ga.* 625 (61 S. E. 487, 16 L.R.A. (NS) 1136, 14 Ann. Cas. 935), where it was held that a group of stockholders could not by the creation of proxies or voting trusts permanently do away with their right to vote and participate in the management of the corporate affairs. As pointed out in *Wolf* v. *Arant,* 88 *Ga. App.* 568 (77 S. E. 2d 116) such

agreements are subject to attack (a) because the giving of proxies was not permitted at common law and (b) because a combine of the character referred to frequently contemplates some fraud or injury to minority stockholders. Neither objection is relevant in this case. Voting proxies are not involved, and the agreement to place the liquidation of company assets in the hands of a manager was concurred in by all of the board of directors who also constituted all of the stockholders. The objective was in no wise illegal, and so far as the petition shows it was fully executed in accordance with the intention of the parties.

As to the contention that the contract is too vague and uncertain to be the basis of enforcing the obligation of these defendants in favor of the plaintiff, paragraph 5 states: "Two of the parties of the third part, namely: B. M. Self and E. G. Brock, agree *as part of the consideration for this agreement* that they will pay all debts, obligations and liabilities of every type and character whatsoever of the party of the first part . . ." (Emphasis added.) The contention that this paragraph is meaningless because it does not specify the debts is without merit, since the key for the determination of the debts is within the instrument itself, and that is certain which may be made certain. *Cohn & Co.* v. *Brown,* 7 *Ga.* 395 (1) (66 S. E. 1038); *Anderson Clayton & Co.* v. *Mangham,* 32 *Ga. App.* 152 (123 S. E. 159); *Wolf* v. *Arant,* 88 *Ga. App.* 568, supra. Indeed, the total amount of debts owed prior to February 6, 1954, the break-off point, was not known with exactitude at the time of drawing the contract, since provision was made for debts which might be discovered thereafter.

Although Exhibit C showing payments to creditors is dated February 8, 1954, instead of February 6, 1954, (defendants having assumed "all debts, obligations and liabilities" with certain exceptions, prior to midnight of February 6) it does not appear that any of the debts listed as of February 8, were debts contracted after February 6, for which defendants would not be liable to plaintiff. The petition alleges that the advancements were made "pursuant to said contracts". Accordingly, if this is not the case, it will become a matter of proof on the trial.

Nor is there merit in the contention that the plaintiff

is not the promisee for whose benefit the defendants agreed to assume the debts in question. The defendants bound themselves jointly and severally to payment thereof as a part of the consideration for the plaintiff's promise to pay other debts and to assume the management of the corporation. Another provision (quoted in the statement of facts) specifically gives the plaintiff the privilege of advancing funds for the payment of such debts. As we construe this provision, although loosely written, it does not demand the interpretation that such payment should be made jointly by the plaintiff and Atlanta-Asheville Motor Express, Inc., nor the conclusion that payment could only be made by the plaintiff depositing the funds in the bank account set up for the purpose of deposit of assets from which debts were to be paid in the first instance.

There is no merit whatever in the contention that advancements of funds by the plaintiff to third-party creditors of the corporation for the payment of debts assumed by the defendants, which advancements are authorized under paragraph 11 of the contract, must as a condition precedent be first paid into the joint bank account set up under paragraph 9 of the contract and then disbursed to the creditors. The bank account was set up to receive as deposits only "all cash and collections made on accounts receivable and proceeds of sales of property." Money paid into the joint account, up to one half of the first $10,000 deposited, was to go to the defendants. Money deposited in the account could not be written out without the signature of one of the defendants as well as the signature of the plaintiff. It is perfectly clear from the general scheme set up that the plaintiff was, in paragraph 11, given authority to make advancements for the payments of debts assumed by the defendants and that deposit in the joint account was not a condition precedent thereto.

Further, if the contract in the first instance was subject to a certain looseness of wording, this might, perhaps, have constituted a defense as against a suit for specific performance prior to the execution of its terms; this contract, however, has been fully executed by all parties concerned and it only remains for the defendants, who assumed liability for certain debts, to

repay the plaintiff, to whom they extended the privilege of paying them in the first instance, the amount expended by the plaintiff being thus for the use of the defendants under the terms of the contract. A deficiency in a contract caused by indefiniteness or lack of mutuality is cured by performance. *Mimms v. Betts Co.,* 9 *Ga. App.* 718 (72 S. E. 271); *National Grocery Co.* v. *Gee Go Wonder Soap Co.,* 30 *Ga. App.* 751 (119 S. E. 423); *Weill* v. *Brown,* 197 *Ga.* 328 (29 S. E. 2d 54); *Jones* v. *Ely,* 95 *Ga. App.* 4(1) (96 S. E. 2d 536). "The construction which will uphold a contract in whole and in every part is to be preferred, and the whole contract should be looked to in arriving at the construction of any part." Code § 20-704(4). While the plaintiffs in error here have, by isolating certain loosely drawn provisions of the instruments in question, pointed up language which, taken alone, might be susceptible of more than one meaning, yet the contract attached as Exhibit A of the petition, taken as a whole, shows a fairly delineated plan under which the plaintiff, after taking over the management of the corporate assets, was to pay off the liabilities, and all this from the allegations of the petition has been accomplished. Construed as a whole with the allegations of fact in the petition, it shows a cause of action in the plaintiff for the money advanced by him to pay off debts assumed by the defendants and shows no other reason why the plaintiff, if he proves these allegations, should not recover. Accordingly, the remaining demurrers are without merit.

The court did not err in any of the rulings.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*