20886.  SELF *et al.* v. SMITH *et al.*

MOBLEY, Justice. The exception is to the judgment of the Superior Court of Fulton County, sustaining general and special demurrers to a petition as amended, brought in four counts by B. M. Self, E. G. Brock, and T. J. Camarata against Clarence A. Smith and Atlanta-Asheville Motor Express, Inc. Counts 1 and 2 of the amended petition seek to recover damages against the defendants for breach of a written contract, and to enjoin the defendant Clarence A. Smith from further prosecuting an action in the Civil Court of Fulton County against two of the defendants, Self and Brock, alleging that

it is necessary to make an additional party plaintiff, Camarata, and an additional party defendant, Atlanta-Asheville Motor Express, Inc., in order for Self and Brock to assert their cross-action, and that additional parties cannot be made in the civil court, and praying that Smith be required to assert his claims and rights under the contract, including those claims made in the civil-court suit in his answer to this proceeding. Count 3, added to the petition by amendment, brought by B. M. Self against Atlanta-Asheville Motor Express, seeks recovery on promissory notes from Atlanta-Asheville Motor Express to Self. Count 4 alleges an indebtedness on promissory notes from Atlanta-Asheville Motor Express to Brock. *Held:*

1. The suit pending in Fulton Civil Court, of which the plaintiffs seek to enjoin further prosecution, was brought by Smith against the plaintiffs, Self and Brock, to recover an alleged indebtedness owed under the same contract under which the plaintiffs in this proceeding seek to recover, and to which Atlanta-Asheville Motor Express, Inc., was the party of the first part, Clarence A. Smith party of the second part, and Self, Brock, and Camarata parties of the third part, pertinent provisions of which are set out in the opinion of the Court of Appeals (*Self v. Smith,* 98 Ga. App. 876, 107 S. E. 2d 721), which affirmed the judgment of the Civil Court of Fulton County, overruling the demurrers of Self and Brock to the petition.

The issues raised by the defendants' demurrer and ruled on by the Court of Appeals are substantially those raised in count 1 of the petition and the demurrers thereto. Under the contract, Smith was given the right to advance funds to pay off certain described debts of Atlanta-Asheville Motor Express, Inc., and, in the event these advances exceeded certain credits to which Self and Brock were entitled under the contract, Self and Brock were to reimburse Smith in such amount. Self's and Brock's contention in the civil-court proceedings, as raised by their demurrers and as made here, is that Smith was not entitled to reimbursement for the debts paid by him over and above the credits of Self and Brock, because, as a condition precedent thereto, he was required to establish a bank account which was to be used for deposit of all money received from liquidation of capital assets, for collection of accounts receivable, and for payment of corporate obligations

assumed by the stockholders, which was never done. As to this contention, the Court of Appeals held: "There is no merit whatever in the contention that advancements of funds by the plaintiff to third-party creditors of the corporation for the payment of debts assumed by the defendants, which advancements are authorized under paragraph 11 of the contract, must as a condition precedent be first paid into the joint bank account set up under paragraph 9 of the contract and then disbursed to the creditors. . . It is perfectly clear from the general scheme set up that the plaintiff was, in paragraph 11, given authority to make advancements for the payments of debts assumed by the defendants and that deposit in the joint account was not a condition precedent thereto." *Self v. Smith,* 98 Ga. App. 876, 881, supra.

It is equally clear to us that, while the contract did provide that a bank account would be established for purposes stated, the agreement did not provide that Smith should be permitted to make advances and receive payment or credit therefor "on condition that," or "if," or "provided," the bank account was established; nor are there other words of conditions contained in the agreement necessary to make this a condition precedent. See Simpson on Contracts (1954 ed.), p. 399; *Johnson v. Georgia M. & G. R. Co.,* 81 Ga. 725 (8 S. E. 531); *Winn v. Tabernacle Infirmary,* 135 Ga. 380, 383 (69 S. E. 557, 32 L. R. A. (NS) 512); and *Mutual Ben. Health &c. Assn. v. Hulme,* 57 Ga. App. 876, 883 (197 S. E. 85). To construe the contract as the plaintiffs desire, would result in the forfeiture of Smith's rights to offset debts paid by him against credits due the plaintiffs under the contract. "Neither equity nor law favors forefeitures." *Ory v. Tate,* 211 Ga. 256, 260 (85 S. E. 2d 36). "The law does not favor forfeitures, and provisions in contracts as to forfeiture must be strictly construed." *DeLamar v. Fidelity Loan &c. Co.,* 158 Ga. 361 (2a) (123 S. E. 116). See also *Equitable Loan &c. Co. v. Waring,* 117 Ga. 599 (8) (44 S. E. 320). The court properly construed the contract, and did not err in sustaining the general and special demurrers of the defendants to count 1 of the petition.

2. The court properly sustained the demurrer (ground 5) to paragraph 7a of count 2 of the petition, which paragraph alleges in substance that the defendants were not entitled to offset any debts of the corporation paid by them against cred-

its due the plaintiffs under the contract, because of failure to establish the bank account. The establishment of the bank account was directory and not a condition precedent to the right of the defendants to offset debts paid by them against credits due the plaintiffs under the contract, as held in count 1.

As we construe paragraph 7 of count 2, it simply alleges that the defendants, by their failure to establish the bank account, have prevented the payment of debts from the bank account and that, by reason thereof, they would be estopped in equity and good conscience to assert that the plaintiffs may not recover the balance of credits due them because of the failure to establish the bank account. To allow the defendants to do otherwise, would result in their benefiting from their own wrong-doing, which they are not permitted to do. Accordingly, the court erred in sustaining the demurrer to paragraph 7 of count 2 of the petition; and the failure of the defendants to establish the bank account would not operate as an estoppel against the plaintiffs' recovering any balance of credits due them against debts paid by the defendants, as provided in the contract.

3. The court erred in sustaining the demurrer (ground 6) to paragraph 8 of count 2 of the petition, which alleges that the plaintiffs are entitled to recover $51,762.18 under the contract, which amount is arrived at by deducting the sum of $18,634.36, representing all debts of the defendant corporation existing on February 6, 1954, from $70,396.54, representin all credits due the plaintiffs under the contract. The defendants were authorized under the contract to pay all debts of the corporation as of February 6, 1954, and to offset those payments of debts against credits given the plaintiffs under the contract. If, as alleged, the total debts of the corporation as of that date were $18,634.36, the defendants would not be entitled to credit for more than that amount which the plaintiffs concede they should be credited with; and if, as alleged, total credits due the plaintiffs were $70,396.54, the plaintiffs would be entitled to recover the difference.

4. The court properly sustained the demurrer to and properly struck paragraph 15 of count 2, as the allegations therein as to the defendants' not permitting the plaintiffs to examine the books until required to do so by subpoena duces tecum are not germane or relevant.

5. "A general demurrer goes to the whole pleading to which it is addressed, and should be overruled if any part thereof is good in substance. The bad part in pleading does not make the whole bad; the good part makes the whole good enough to withstand a general demurrer. *McLaren v. Steapp,* 1 Ga. 376; *May v. Jones,* 88 Ga. 308 (4), 312 (14 S. E. 552, 15 L. R. A. 637, 30 Am. St. Rep. 154) ; *Dyson v. Washington Telephone Co.,* 157 Ga. 67 (3), 78 (121 S. E. 105)." *Blaylock v. Hackel,* 164 Ga. 257 (5) (138 S. E. 333). See also *Dorsett v. Horovitz,* 172 Ga. 175, 178 (157 S. E. 319). With the foregoing paragraphs of count 2 stricken, under the rulings made in divisions 2, 3, and 4, the petition simply seeks to recover what is alleged to be the difference between the credits due the petitioners under the contract and the amount of debts of the corporation as of February 6, 1954, which the defendants were authorized to pay and to set off against their credits. As it now appears, count 2 of the petition alleges a cause of action for recovery of the amount alleged to be due.

6. Taking the allegations of count 2 as true on general demurrer, the defendants have paid the $18,634.36 debts of the corporation which were due February 6, 1954; the three defendants are entitled to credits of $70,396.54; and, under the terms of the contract, the defendants would owe the plaintiffs the difference. The suit pending in the Civil Court of Fulton County was brought by Smith, one of the defendants in this proceeding, against two of the plaintiffs in this proceeding, Self and Brock, who were obligated under the contract to pay the defendants, or either of them, any excess of debts of the defendant corporation paid by them over credits due the plaintiffs, Self, Brock, and Camarata. The obligation in this proceeding, if owed, is due to the three plaintiffs, Self, Brock, and Camarata, not to Self and Brock alone; and both the defendants may be liable. Camarata and Atlanta-Asheville are necessary parties. New parties cannot be made in the civil-court proceeding, nor can the issue here—where Smith and Atlanta-Asheville are indebted under the contract to the three plaintiffs, Self, Brock, and Camarata—be determined in the civil-court proceeding. Accordingly the petition states a cause of action for equitable relief enjoining the proceeding brought by Smith against Self and Brock in the civil court, to require Smith to assert in this proceed-

ing his contentions made in the civil-court proceeding, and for determining the issue of liability between the parties under the contract. The trial court erred in sustaining the general demurrer to count 2 of the petition.

7. In count 3, Self seeks recovery from one of the defendants in this proceeding, Atlanta-Asheville, on three promissory notes given to him by Atlanta-Asheville; and, in count 4, Brock seeks recovery on two promissory notes given him by Atlanta-Asheville. Each count states a cause of action for recovery of the amount alleged to be due on the notes, and the trial court erred in sustaining the general demurrer to counts 3 and 4. No question of misjoinder, multifariousness, or other questions as to these two counts were raised by the pleadings.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

ARGUED MAY 10, 1960—DECIDED JUNE 28, 1960.

*Reeves & Collier, Rex T. Reeves, Merrell H. Collier,* for plaintiffs in error.

*Buchanan, Edenfield & Sizemore, Wm. H. Major, Reynolds, Holt & Reynolds,* contra.