### 40786. FREEMAN v. VIRIS.

FELTON, Chief Judge. 1. "Three elements are essential to a contract of sale: 1. An identification of the thing sold. 2. An agreement as to the price to be paid. 3. Consent of the parties." *Code* § 96-101.

2. The conditional sale contract sued on stated the price to be $267.66, complying with the second necessary element of a contract of sale, and was executed by both parties thereto—the plaintiff-seller and the defendant-purchaser—indicating a prima facie compliance with the third prerequisite.

3. "In a suit to recover the contract price of goods alleged to have been sold and delivered to the defendant under the terms of an alleged written contract which is defective in that it fails to contain such an accurate and definite description as will suffice to identify the goods sold, the delivery and the receipt of the particular goods sued for render an accurate description of the goods in the contract immaterial." *National Grocery Co. v. Gee Go Wonder Soap Co.*, 30 Ga. App. 751 (1) (119 SE 423). The conditional sale contract signed by the defendant-purchaser contained the following provision: "The undersigned Seller hereby sells, and the undersigned Purchaser hereby purchases for the TIME PRICE and subject to the terms hereinafter set forth, the following property, *delivery and acceptance of which in good order is acknowledged by the Purchaser*, viz: 1 Kirby, style-model 562, 1 polisher, power tools." (Emphasis supplied.)

Regardless of whether or not the above description was sufficiently accurate and definite to identify the goods sold, for the purpose of ruling on the judgment of the lower court to

which the defendant excepts, i.e., the overruling of the general demurrer to the petition, it is sufficient to note that the petition and the attached contract sued on show on their face that the defendant-purchaser acknowledged delivery and acceptance of the goods, thereby waiving any indefiniteness that may have existed in the description. Any defenses which might be raised subsequently to the ruling on the general demurrer—such as pleas of non est factum, failure of consideration and rescission, for example—cannot be ruled on at this time since the only judgment excepted to and included in the record is that on the general demurrer.

The petition alleged a cause of action based on a prima facie valid conditional sale contract; therefore the court did not err in overruling the general demurrer.

*Judgment affirmed. Frankum and Pannell, JJ., concur.*

DECIDED JULY 9, 1964.

*Walter W. Hinely,* for plaintiff in error.
*Albert A. Sadler, Weir D. Walker,* contra.